WRIT of error to the Superior Court in and for New Castle county, heard before Saulsbury, Chancellor, and Houston and Wales, Judges. The bill of exceptions set forth that the trial of this cause at the May Term, 1879, after the plaintiff by its counsel had stated to the court and jury the facts upon which it would rely to maintain the issue on its behalf, the defendant by his counsel demanded of said plaintiff the production of an affidavit, commonly called a probate of the debt, against the said Bronough M. Deringer, deceased, sued for in this action, and thereupon the said plaintiff did produce and offer to the court a certain paper writing, a true copy of which is as follows: to wit: *Page 65 
COMMONWEALTH OF PENNSYLVANIA, CITY AND COUNTY OF PHILADELPHIA, ss. 
Before me, the undersigned, a Commissioner for the State of Delaware, residing in the said city of Philadelphia, duly commissioned, etc., personally appeared Robert Patterson, who, being duly sworn, says that he is Secretary and Treasurer of the Fidelity Insurance, Trust and Safe Deposit Company of Philadelphia. That the said Company are administrators of the estate of Theophilus T. Deringer, late of the said city of Philadelphia, deceased; that the said Theophilus T. Deringer died in Philadelphia, in February, 1874.
That at the time of his decease he was a creditor of the estate of his brother, Bronough M. Deringer, late of the county of New Castle, in the State of Delaware, deceased.
That the said indebtedness is represented by due-bills, notes and checks, given by said B.M. Deringer to said T.T. Deringer, of the following dates and amounts, and payable as follows, viz.:
Due-bill dated January 1, 1854, on demand, for ...... $ 500.50 " " " " " ...... 255.00 " " " " " ...... 183.00 Promissory note, dated March 24, 1854, payable six months after date, with interest, for ........... 300.00 Promissory note, dated April 5, 1854, payable at sight, with interest at 1 per cent. per month, for ..... 300.00 Check on Girard Bank, Philadelphia, dated May 4, 1854, for ....................................... 100.00 Due-bill, dated Waverly Place, June 22, 1854, for . 100.00 Due-bill, dated Wilmington, Delaware, June 13, 1854, for ............................................. 100.00 Check dated Philadelphia, May 16, 1855, on Girard Bank, ........................................... 200.00 Due-bill dated Philadelphia, May 1, 1856, for ....... 2488.75 " " March 31, 1857, for ................. 300.00 " " Wilmington, Del., December 12, 1861, for ............................................. 250.00 ________ Amounting in all in principal to .................... $5077.25 *Page 66 
And as is stated on the books of said T.T. Deringer, with interest added to January 1, 1869, to the sum of $8928.51.
The books showing two credits thereon as follows, viz.:
July 16, 1869, by cash from administratrix, .............. $1000.00
July 16, 1870, by amount from Eliza Clark, ............... 1000.00
The aforesaid due-bills, notes and checks, being in the possession of this company as administrators aforesaid. That the estate of the said B.M. Deringer is indebted to the estate of said Theophilus T. Deringer as aforesaid. That the said company as administrators, as aforesaid, and this deponent as Secretary and Treasurer, as aforesaid, of said Company, has made due inquiry and does verily believe that nothing has been paid or delivered towards satisfaction of said indebtedness except what is above mentioned, and the sum demanded, with interest thereon, is justly and truly due, as aforesaid, to the best of this deponent's knowledge and belief.
 ROBERT PATTERSON, Secretary and Treasurer of the Fidelity Insurance, Trust and Safe Deposit Company.
Sworn to and subscribed before me this 18th day of May, A.D. 1876.
 SAMUEL B. HUEY, A Commissioner for Delaware in Pennsylvania.
[Seal of Commissioner.]
And the said defendant thereupon objected to the sufficiency and admissibility of the said paper writing because the same did not comply with the requirements of Section 29 of Chapter 89 of the Revised Statutes of this State, in this, that the said statute provided that a probate may be made by the affidavit of the Cashier or Treasurer of a corporation, only for a debt due to the corporation, whereas this probate is not for a debt due to the corporation plaintiff, but for a debt due to the estate of Theophilus T. Deringer, deceased. *Page 67 
And the said plaintiff did then and there insist that the said paper writing was sufficient and admissible in respect of the matters objected against it as aforesaid.
But the court did then and there sustain the said objection of the defendant, and did rule out the said probate offered by the plaintiff and did declare that the same was not sufficient and did not comply with the requirements of said statute in respect of the matters objected against it by the defendant as aforesaid, to which the said plaintiff did then and there, by its counsel, except, which said exception was then and there noted and allowed by said court:
And thereupon the said plaintiff did produce and offer to the court a certain other paper writing, as and for a probate of said debt, a true copy of which is as follows, to wit:
COMMONWEALTH OF PENNSYLVANIA, CITY AND COUNTY OF PHILADELPHIA, ss.
Before me, the undersigned, a Commissioner for the State of Delaware, residing in the said city of Philadelphia, duly commissioned, etc., personally appeared Robert Patterson, who, being duly sworn, says that he is Secretary and Treasurer of the Fidelity Insurance, Trust and Safe Deposit Company, of Philadelphia. That the said company are administrators of the estate of Theophilus T. Deringer, late of the said city of Philadelphia, deceased; that the said Theophilus T. Deringer died in Philadelphia, in February, 1874.
That at the time of his decease, he was a creditor of the estate of his brother, Bonough M. Deringer, late of the county of New Castle, in the State of Delaware, deceased.
That the said indebtedness is represented by due-bills, notes and checks, given by said B.M. Deringer, to said T.T. Deringer, of the following dates and amounts, and payable as follows, viz.: *Page 68 

Due-bill dated January 1, 1854, on demand, for ....... $ 500.50
 " " " " " ....... 255.00
 " " " " " ....... 183.00
Promissory note, dated March 24, 1854, payable six
 months after date, with interest, for ............ 300.00
Promissory note, dated April 5, 1854, payable at sight,
 with interest at 1 per cent. per month, for ...... 300.00
Check on Girard Bank, Philadelphia, dated May 4,
 1854, for ........................................ 100.00
Due-bill, dated Waverly Place, June 22, 1854, for .... 100.00
Due-bill, dated Wilmington, Delaware, June 13, 1854,
 for .............................................. 100.00
Check dated Philadelphia, May 16, 1855, on Girard
 Bank, ............................................ 200.00
Due-bill dated Philadelphia, May 1, 1856, for ........ 2488.75
 " " March 31, 1857, for .................. 300.00
 " " Wilmington, Del., December 12, 1861,
 for .............................................. 250.00
 ________
Amounting in all in principal to ..................... $5077.25

As is stated on the books of said T.T. Deringer, with interest added to January 1st, 1869, to the sum of $8928.51.
The books showing two credits thereon as follows, viz:
July 16, 1869, by cash from administratrix, .......... $1000.00
July 16, 1870, by amount from Eliza Clark, ........... 1000.00

The aforesaid due-bills, notes and checks, being in possession of this company as administrators aforesaid. That the estate of the said B.M., Deringer is indebted to the estate of said Theophilus T. Deringer as aforesaid. That nothing has been paid or delivered towards satisfaction of said indebtedness except what is above mentioned, and the sum demanded, with interest thereon, is justly and truly due, as aforesaid, to the best of this deponent's knowledge and belief.
 ROBERT PATTERSON, Secretary and Treasurer of the Fidelity Insurance Trust and Safe Deposit Company. *Page 69 
Sworn to and subscribed before me this 13th day of June, A.D., 1874.
 SAMUEL L. TAYLOR, Commissioner for Delaware.
 [Seal of Commissioner.]
And the said defendant thereupon objected to the sufficiency and admissibility of the said last-mentioned paper writing, because the same did not comply with the requirements of § 29 of chap. 89 of the Revised Statutes of this State, in this, that the said statutes provides that a probate may be made by the affidavit of the cashier or treasurer of a corporation only for a debt due to a corporation, whereas this last-mentioned probate is not for a debt due to the corporation plaintiff, but for a debt due to the estate of Theophilus T. Deringer, deceased.
And the said plaintiff did then and there insist that the last-mentioned paper writing was sufficient and admissible in respect of the matters objected against it as aforesaid.
But the court did then and there sustain the said objection of the defendant, and did rule out the said last-mentioned probate offered by the plaintiff, and did declare that the same was not sufficient and did not comply with the requirements of said statute in respect of the matters objected against it by the defendant as aforesaid.
To which the said plaintiff did then and there by its counsel except, which said exception was then and there noted and allowed by said court.
And the said plaintiff by its counsel did thereupon state to the court that it had no other probate of said debt to produce or offer to the court.
And thereupon the said court did then and there direct and charge the jury, that the said plaintiff having failed to produce on this trial, upon the call and demand of the counsel for the defendant, a sufficient probate of the demand of the plaintiff on which this action is founded, as required by the provision of our statute on the subject, the plaintiff was not entitled to recover, and therefore their verdict should be for the defendant; to *Page 70 
which said direction and charge the said plaintiff by its counsel did then and there except, which said exception was then and there noted and allowed by said court.
And the jury aforesaid then and there gave their verdict for the defendant, and the court thereupon rendered judgment for the defendant.
The errors assigned were, that the court below erred in sustaining the objection made by the counsel for the defendant to the sufficiency and admissibility of each of the said probates offered by the plaintiff and ruling them out on the ground objected to them, that the same did not comply with the requirements of the statute of the State, which provides that a probate may be made by the affidavit of the cashier or treasurer of a corporation only for a debt due to the corporation, whereas, neither of the probates in question is for a debt due to the corporation plaintiff in the action, but each of them is for a debt due to the estate of Bronough M. Deringer, deceased. Rev. Code, chap. 89 § 29. And, that the said court erred in their direction and charge to the jury that the said plaintiff having failed to produce on the said trial, upon the call and demand of the counsel for the defendant, a sufficient probate of the demand of the plaintiff on which the said action was founded, as required by the provision of our statute on the subject, the plaintiff was not entitled to recover, and, therefore, their verdict should be for the defendant, and which, thereupon, was accordingly so rendered, and judgment thereon was entered for the defendant.
Both of the parties in the case had sued out a writ of error in it, and on the calling of the cases in this court, which they concluded to hear together, the counsel for the defendant moved to quash or dismiss the writ of error in the case of the Administrators of Bronough M. Deringer, deceased v. the Administrator of Theophilus T. Deringer, deceased, because Estalena W. Deringer, the administratrix, although joined in the original writ with David C. Niven, the administrator of Bronough M. Deringer, deceased, as a defendant in the action in the court below, was not served with the process, and did not appear in it, and was therefore not a party or privy to the suit, and no judgment was rendered *Page 71 
against her in it, nor is she affected by it; nor could Niven, the administrator, for whom it was rendered, maintain a writ of error to reverse a judgment in his own favor, unless he was injured or aggrieved by it. That a writ of error would not lie to reverse either the granting or the refusal of a motion for a non-suit; and because the record contained no bill of exceptions with the writ of error returned in the case, and the error assigned was not properly on the record below.
Higgins, for the defendant in error in that case. Proceedings in error must have their proper parties, and any defect in that respect is subject to objection, as it is in any other original writ, and no one can be a plaintiff in error but he who is a party to the record, and is prejudiced by the final judgment. 1 Ch. PL., 54; Pow. on App. Proceed., §§ 7, 13; Bacon's Abr. Title Error, b. 2; 2 Saund., 46; 2 Harr., 413. And Niven could not reverse the judgment unless he was injured by it, as it is in his own favor. 13 Wend., 280; 9 How., 551. Was he injured by it? It was in his favor on the verdict of a jury, and would a judgment of non-suit be preferable to it? Had it been a judgment of non-suit, the plaintiff could have brought another action, but the judgment, unless reversed here, is final and conclusive in his favor. Why, then, does the defendant below seek by this writ of error to reverse this judgment below in his own favor? For the record he has brought here does not contain any bill of exceptions, much less the bill of exceptions which accompanies our writ of error on behalf of the plaintiff below, and which shows the real ground of error in the judgment, to wit, the ruling as to the probates, and yet he seeks to have this case determined here on another ground, and one not brought up or relied on by him in the court below, that the judgment should have been one of non-suit, and nothing else.
A writ of error will not lie to a decision of the court granting or refusing a motion for non-suit. May v. Curry, 4 Harr., 265. The substance of the errors assigned in this case is that the court erred in directing a verdict for the defendant below, instead of granting his motion for a non-suit, as required by the provision *Page 72 
of the statute. Rev. Code, chap. 89, § 29. But the defendant below waived any right which he might have had, to allege in this court as error the refusal of a non-suit, or the taking of a verdict of the jury for the defendant, and the entry of judgment thereon, because the records show that he did not object to the overruling of his motion for a non-suit; on the contrary that he acquiesced in the taking of the verdict in his favor, and permitted or caused judgment to be entered thereon, and that he tendered no exception whatever to the decision or action of the court in regard to the matter; nor does it appear by the record returned in this case on what ground the motion for a non-suit was made, or that it was made on the ground of the failure of the plaintiff to produce a probate as required by the statute, or upon what ground the court refused the motion, or directed the jury to return a verdict for the defendant, or that the defendant made, or the court refused a motion for a non-suit; while none of these matters inferred and assumed in the several assignments of errors in the cause here are aided or supplied in any manner by the special verdict taken in the case. But it is a general rule that an objection not taken in the court below will not be considered in the court of errors, and where an error will not be considered as available which was not noticed or objected to in the court below, and the neglect to do so is often deemed a good ground for refusing to consider the objection, or holding it to have been waived. Pow. on App. Proceed., § 127; Hill on New Trials, §§ 51, 127; 17 Wend., 257; 24 Wend., 496; 12 Ohio, 132; 10 Ohio, 433;6 Ohio, 478; 11 Wheat., 199; 4 Zabr., 740. A party may waive a legal right by positive act, or lose by neglect, as if important instructions should have been given to the jury, and he neglects to ask for the instructions, it is a waiver, and such waiver may be assumed as well from what appears on the record, as from the absence of anything on the subject. Pow. on App. Proceed., §§ 114, 115.
George B. Rodney for the plaintiff in error, Estalena W. Deringer, the widow and administratrix of Bronough M. Deringer was jointly sued in the action with David G. Niven, his administrator, *Page 73 
but was not served with process, and did not appear in it, and that fact being stated in the declaration, according to our practice the prosecution of the suit proceeded against him alone as his administrator to its conclusion in the court below, as will appear from the record sent up, and consequently he was the only party defendant in the action during its pendency in the court below, and, of course, is the only party defendant in it now before this court.
But we had no right to tender a bill of exceptions or take a writ of error to the decision of that court in refusing to enter a judgment of non-suit upon the motion therefor by the counsel, for the defendant on the ground that no sufficient probate of the demand had been produced by the plaintiff in the opinion of a majority of the court; not only because of the well settled rule of the common law that a writ of error will not lie to a decision of the court granting or refusing a non-suit, but for a stronger reason in a case of this kind, because it is expressly provided and enjoined by our statute on the subject that if in any action against an executor or administrator the plaintiff shall fail to make probate of his demand as prescribed in it, the court shall enter a judgment of non-suit against him. Rev. Code, ch. 89, § 29. The court, therefore, having no authority or discretion in such a case to decline to render a judgment of non-suit against the plaintiff, it was manifest error in the court to refuse to enter it in this case on the demand and motion of the defendant against the express and imperative requirement of the statute, notwithstanding it thereupon saw proper to submit the final decision of the case to the jury with instructions to return a verdict for the defendant, because a sufficient probate had not been produced by the plaintiff as required by the statute. But if no writ of error will lie to the decision of the court on a motion for a non-suit, would or could the defendant, Niven, now be here in this court on any writ of error, either for or against him in this case? And if not, it was then quite clear and evident that he had been injured and prejudiced in the suit by the refusal of the court to enter a judgment of non-suit against the plaintiff in the action on his motion and demand for it? *Page 74 
 Spruance for the defendant in error. The question as to the sufficiency and admissibility of the probates produced in the case was properly a question for the court, and was a point of law arising in the progress of the trial. When no probate is offered, no question of law arises as to it, and if one has been demanded, the court will, under the statute, on motion of the defendant, non-suit the plaintiff. We have decisions in our Superior Court on the subject of probates against the estates of deceased persons, but none on the question which now arises here. In the case of Gould v. Dutton, 2. Harr., 472, and that of Prettyman v. Waples, 4 Harr., 299, no probate was offered, and no point of law arose. In the first case a non-suit was entered, but in the second it was refused because the defendant did not call for the probate during the trial. But the decision of the Superior Court upon the sufficiency and admissibility of a probate produced and offered in a case during the trial cannot be final, and is a question properly and necessarily reviewable in this court on a writ of error, as much so as the decision of that court upon the competency and admissiblity of any evidence in a case on trial.
Where a probate or other paper essential to the plaintiff is offered and rejected by the court as not sufficient or admissible, and the plaintiff excepts to that decision, and the court then renders a judgment of non-suit, the plaintiff loses the benefit of his exception to the decision of the court rejecting the paper offered, and can take no writ of error, because a writ of error can be taken only after final judgment, and because a writ of error will not lie to the judgment of the court granting or refusing a non-suit. Curry v. Davis, 4 Harr., 265. Such is the doctrine contended for on the other side in this case. But if in such a case the court under any statute is required to, or may in its discretion, against the will of the plaintiff, enter a non-suit against him, then it is the duty of the court in the one case, and in the power of it in the other, to totally deprive him of the right secured to him and every other plaintiff in an action before it by the constitution and statute of the State, to a review before this tribunal or any other, the decision of the court rejecting the paper as insufficient and *Page 75 
inadmissible., The constitution provides that the Court of Errors and Appeals shall have jurisdiction to issue writs of error to the Superior Court, and to determine finally all matters in error in the judgments and proceedings of it. Art. 11, § 7. And the statute provides a mode by bill of exceptions of bringing before this court for review "the decision" of the Superior Court "upon any point of law arising in the course of a trial and material to the determination thereupon, which decision will not otherwise appear by the record." Rev. Code, chap. 113. If it appears by the record, of course, a writ of error will lie and reach it by the common law, to which a bill of exceptions in such a ease was unknown, even in England, until it was provided for by statute. The provision of the constitution, Art. 6, § 7, par. 2, allowing the Superior Court to reserve a question of law for hearing before all the judges in the Court of Errors and Appeals, could furnish the plaintiff below in this case with no relief, since it is clearly in the discretion of that court to grant or refuse an application to reserve such a question. Therefore the claim of the plaintiff below to a review in this court of the decision of the court below as to the sufficiency of the probate offered, was in no wise dependent on any discretion vested in that court to grant or refuse the motion for a non-suit made by the defendant below on the exclusion of it by the court as insufficient, but it was based on a right secured to him by the constitution and the statute. But even if on the application of the plaintiff after the defendant had submitted his motion for a non-suit, the court had seen proper to reserve the question as to the sufficiency of the probate under the provision of the constitution last referred to, it could only have been done after verdict and judgment, and in that case the position of the plaintiff would have been practically the same as it is now.
The only way in which the plaintiff's right to a review of the question here in such a case could be preserved, was to accord him the right to decline to submit to a non-suit, and let a verdict be taken for the defendant under the direction and decision of the court upon the question of law involved, and then leave him to his further remedy by a writ of error to the judgment *Page 76 
to reverse the decision of the question, if it was erroneous in law. It is a settled rule in the Supreme Court of the United States, in most of the States, and in this State, that a non-suit cannot be ordered by the court without the consent or acquiescence of the plaintiff. Cranev. Morris, 6 Pet., 598; Castle v. Bullard, 23 How., 173; Mitchell v. N.E. Company, 6 Pick, 117. It is true, it is suggested in Smith v. Smith, 8 Ired., 31, that there is an exception to this rule where non-suit is imposed by statute; but this was obitur dictum, in that case, and no example is given. Certainly, it cannot be so where, to enter a non-suit, would deprive the plaintiff of his constitutional right to a review upon a writ of error in a higher court. The word "shall," in a statute, may be held to be used as directory merely, and not as absolutely imperative and obligatory, when no advantage is lost or right is destroyed by such a construction. Wheeler v. City of Chicago, 24 Ill., 105; Fowlerv. Pirkins, 77 Ill., 271.
In the other case, in which he was for the plaintiff, in the writ of error before mentioned, he said the sole objection made by the defendant in the court below to the sufficiency and admissibility of the probates offered by the plaintiff, was, that the same did not comply with the requirements of this State, Rev. Code, chap. 89, § 29, in this, that it provides that a probate may be made by the affidavit of the cashier or treasurer of a corporation only for a debt due to the corporation, whereas, this probate is not for a debt due to the corporation plaintiff, but it is for a debt due to the estate of Theophilus T. Deringer, deceased. This objection was sustained by a majority of the court, and `upon that ground alone the probates were ruled out, and the court declared that they were not sufficient, and did not comply with the requirements of the statute; and, upon the ground of that objection alone, the court then charged the jury that the plaintiff had failed to produce on the trial a sufficient probate as required by the statute, and directed a verdict to be returned for the de fendant.
A court of errors will not reverse for objections not raised in the court below; a party cannot rely upon one set of objections before the court below, and seek to reverse on grounds not distinctly *Page 77 
presented to the court below for their adjudication. Hill on New Trials, 721; Pow. on App. Proceed., 204; Vantelburgh v.
Shan, 4 Zabr., 740; Davis v. Hines, 6 Ohio, 473; Lewisv. Bank of Kentucky, 12 Ohio, 133; Bowen v. Argall, 24 Wend., 496; Willard v. Warren, 17 Wend., 257; Hindev. Longworth, 11 Wheat., 199. The inquiry here must, therefore, be limited to the question presented to and decided by the court below; but we understand the objection here to be that the affidavits are defective in form, inasmuch as they allege the debt to be due to the estate of Theophilus T. Deringer, deceased, and fail to allege that it is due to the corporation plaintiff, his administrator. But, even where a statute requires an affidavit to be made in certain specified words, it is not necessary that the precise language of it shall be used. It is sufficient if it is substantially complied with. Reve v. Stafford, D.P.C., 238; Gibbons v. Shaffaidd, 2 Brewst., 1; Story v. Story, 32 Ind., 137. No form of affidavit in such a case, however, is prescribed in our statute, nor does it say that when such an affidavit is to be made by the cashier or treasurer of a corporation, it shall state that it is for debt due to the corporation, much less that it is due to it in its own right, or otherwise, but it simply requires, so far as this objection goes, that the person holding the debt shall swear that it is justly and truly due; but when that party is a corporation, this shall be done by the cashier or treasurer of it. It is not strictly accurate to say that a debt is due to or from a deceased person, or due to or from the estate of a deceased person or that a deceased person has, or can have, an estate, yet, these expressions are in common use, convey perfectly accurate conceptions, and occur, hot only in the section and chapter of the statute under which this question arises, but in a great many other sections of it. The affidavits, on inspection, will be found to contain everything required to be stated in them under the statute, and to state what is further suggested on the part of the defendant in error in this case would be mere surplusage, since the law determines that a debt due to the intestate at his death is due afterwards to his administrator, or that a debt due to the estate of a deceased person is a debt due to his administrator. *Page 78 
The affidavits declare that the corporation plaintiff is the administrator of the estate of Theophilus T. Deringer, deceased and this court has decided in this case on a former writ of error, that this corporation can lawfully act in this State as such administrator, and it would be impossible by any form of words to make more certain than they do that this corporation as his administrator is the person holding the said debt, and that it is justly and truly due to it as his administrator.
As to the additional words with which the affidavits conclude "to the best of his knowledge and belief," although not to be found in the statute, they cannot be considered to qualify the positive and express declaration of the affiant that the debt was justly and truly due, as that qualification is necessarily implied and understood, particularly, in every affidavit made to knowledge acquired on inquiry, information and belief merely, as were the affidavits in this case.
We therefore contend that the probates offered substantially complied with all the requirements of the statute, and should have been admitted as sufficient by the court below.
George B. Rodney for the defendant in error. That as the probate in this case was not for a debt due to the corporation in question, no officer of it, cashier or treasurer, was competent to make the affidavit under our statute. That the probate does not allege that the debt demanded from the administrator of Bronough M. Deringer, the defendant below, and defendant here in this case, to be due to the corporation plaintiff in its own right; nor does it allege the debt to be due to the corporation in any capacity or right. If the probate had set forth that the plaintiff in the action being a corporation, and as such, and as the administrator of Theophilus T. Deringer, made the demand on the defendants as for a debt due to the estate of Theophilus T. Deringer, the question would then have arisen whether as such corporation plaintiff, they could make a valid probate, but the probate in question nowhere in its phraseology connects the corporation with the claim as the party to whom the debt is due in any capacity, but only as a debt due from the estate of *Page 79 
B. M. Deringer to the estate of T. T. Deringer, which the treasurer of the corporation was not competent to make. In no case, except when the debt is due to a corporation in its own right, can the cashier or treasurer of it make probate of it according to the true meaning and intention of the statute. Such a probate as this is without any precedent in this State, and will, if sustained here, multiply suits and increase the danger of unjust and fraudulent demands against the estates of deceased persons, by reason of the loose and irresponsible affidavits which will follow it.
The present statute in regard to probates was taken from the act of 1766, Del. Laws, 6 vols., 420, which was enacted for the prevention of frauds and to secure the estates of deceased persons from any liability for a debt, unless positively sworn to by the person holding the same that the sum demanded is all justly and truly due; and it would utterly take away the protection intended by the statute to allow any person not connected with the estate of either the plaintiff or the defendant, and whose oath, if he swore falsely (but which, by the act of 1766, was expressly made perjury) to come into this State from another jurisdiction, and without the authority of the law of this State to make such a probate as either of the two now in question, and who, without swearing positively, as the statute requires, that the debt is justly and truly due, qualifies it according to the best of his knowledge and belief.
But we have another defence to the writ of error in this case, and that is that it will not lie upon a decision of the court below declaring a probate offered under § 29 of chap. 89 of the Revised Statutes to be insufficient if followed by a motion for a non-suit upon that ground, because the act of Assembly then steps in and expressly commands the court to enter a non-suit, which proceeding stops any further inquiry as to their decision.
Higgins, for the plaintiff in error, replied.
This is an action of assumpsit. The plaintiff is a corporation created by the laws of the State of Pennsylvania, *Page 80 
and authorized by its charter to administer upon the estates of decedents. As the lawfully appointed administrator of Theophilus T. Deringer, the company brought an action against David G. Niven, the administrator of Bronough M. Deringer, for the recovery of certain moneys alleged to be due to its intestate from the estate of the latter. At the trial of the case, the plaintiff, on the demand of the defendant's counsel to produce a probate of the debt, offered the affidavit of the Treasurer of the company, which was objected to as insufficient, because "the same did not comply with the requirements of § 29 of chap. 89 of the Revised Statutes of this State in this, that the said statute provides that a probate may be made by the affidavit of the cashier or treasurer of a, corporation only for a debt due to the corporation, whereas this probate is not for a debt due to the corporation plaintiff, but for a debt due to the estate of Theophilus T. Deringer, deceased."
The objection was sustained by a majority of the court and the jury directed to. render a verdict for the defendant for the want of a sufficient probate. The plaintiff excepted.
The statute referred to, or so much of it as concerns this case, is in these words: "Before an executor or administrator shall pay any debt against the deceased, the person holding the same shall make affidavitthat nothing has been paid or delivered towards satisfaction ofsaid debt except what is mentioned and that the sum demanded is justlyand truly due. In case of a debt due to a corporation, the cashier or treasurer shall make the affidavit." . . . . "In an affidavit by an executor, administrator, assignee or officer of a corporation, it shall be sufficient to state that he has made due inquiry and does verilybelieve that nothing has been paid, etc., as in the preceding affidavit." . . . . "If affidavit, as above required, be not produced in an action against an executor or administrator for a debt against the deceased, the plaintiff shall, upon motion, be non-suited." . . . . "The taking of a wilful false oath, or affirmation, in such affidavit, shall be perjury." (The words italicised are so in the text.)
The probate objected to was made by. Robert Patterson, who deposes that he is the Secretary and Treasurer of the company *Page 81 
which is the administrator of the estate of Theophilus T. Deringer, late of Philadelphia, deceased; that the said Theophilus T. Deringer died in February, 1874, and at the time of his death, was a creditor of the estate of his brother, Bronough M. Deringer, late of the county of New Castle, in the State of Delaware, deceased; that the said indebtedness is represented by due-bills, notes and checks given by said Bronough M. Deringer to said Theophilus T. Deringer. Then follows an itemized statement of debits and credits, with the dates, times of payment and amounts of said notes and bills as shown by the books of the said Theophilus T. Deringer, the affidavit concluding: "The aforesaid due-bills, notes and checks being in possession of this company as administrators aforesaid. That the estate of the said Bronough M. Deringer is indebted to the estate of the said Theophilus T. Deringer as aforesaid. That the said company as administrators as aforesaid, and this deponent as Secretary and Treasurer as aforesaid of said company, has made due inquiry and does verily believe that nothing has been paid or delivered towards satisfaction of said indebtedness except what is above mentioned, and the sum demanded with interest thereon is justly and truly due as aforesaid, to the best of this deponent's knowledge and belief."
The exceptions raise the question whether the probate made by the company's treasurer is such as the law requires in form, or in substance, or in both, the defendant's contention being that it is not, for the reason that it fails to set forth a debt due to the company in any capacity or right, since the debt mentioned is a debt due to the estate of Theophilus T. Deringer, with which the company does not appear to be connected. The force of this objection depends upon the true meaning of the probate, and this is to be derived from a reasonable interpretation of its language and a just construction of the statute; and to understand the probate and the statute, and their relation to each other, it is only necessary to consider the office and duties of an administrator. The law as to these matters is familiar. An administrator is the personal representative of his intestate, and, by virtue of his appointment and qualification, is invested *Page 82 
with the legal ownership of all the goods and chattels, rights and credits which belonged to the deceased at the time of his death. His first duty, after completing an inventory of the personal property, is to collect outstanding debts due to the estate, sell the movable property when necessary, pay the debts due from the estate and distribute the surplus, if any, according to law. For these ends he acquires a property in all the assets of the estate, and is the owner of them from the time of the intestate's death until a final settlement is made. No other person has a paramount or equal right to the possession and control of the intestate's personalty, or to collect what may be owing to him. A surviving debtor is secure in paying the administrator of his deceased creditor, and where both creditor and debtor are deceased, their respective administrators are authorized to settle their mutual accounts. When, therefore, upon an action brought by an administrator for the payment of a debt to the estate of a deceased person, the plaintiff makes an affidavit that he is the administrator of the person to whose estate the debt is due, it is an inference of law and fact that he is lawfully entitled to demand and give a legal discharge for the debt. He is the only person who can make the demand and give a valid release. By legal intendment a debt "due to the estate" is due to the administrator of the estate. For the protection of decedents' estates the statute prohibits the payment of any debt by an administrator without a probate by the person "holding" the same, stating of his own knowledge that nothing has been paid or delivered towards its satisfaction, except what is mentioned, and that the sum demanded is justly and truly due; but if the person "holding" the debt is an executor, administrator, assignee or officer of a corporation, "it shall be sufficient to state that he has made dueinquiry," etc. The words "person" in this connection includes corporate bodies as well as individuals. (Amend. Sts., 25). A corporation is a distant entity. Its affairs are necessarily managed by its officers and agents, it is true; but in law it is as distinct a being as an individual is, and is entitled to hold property (if not contrary to its charter) as absolutely as an individual can hold it. (Justice Bradley in Graham v. La *Page 83 
Crosse and Milwaukee Railroad Company, 11 Reporter, 78.) The record shows that the plaintiff has declared as the administrator of T.T. Deringer, and there is no denial that it has the right under the laws of its creator to act as such. The probate in this case contains all the words that are positively pescribed by the statute, to wit, those in italics, and the purpose of requiring a probate being to protect an estate against fraudulent claims and for the security of the administrator in the honest discharge of his office, it is difficult to see why the defendant should insist upon any more exact and definite statement than is set forth in the treasurer's affidavit. The affiant declares (1) that he is the treasurer of the plaintiff; (2) that the plaintiff is the administrator of T.T.D.; (3) that T.T.D., at the time of his death was a creditor of the estate of B.M.D.; (4) that the indebtedness of B.M.D. to T.T.D. is represented by certain due-bills, notes and checks with the dates, amounts and times of payment, the debits and credits being particularly set out as the same are shown on the books of T.T.D.; (5) that the said notes bills and checks are in possession of the plaintiff as administrator; that the estate of B.M.D. is indebted to the estate of T.T.D.; and finally, that the said company as administrator, and the deponent as its treasurer, have "made due inquiry," etc., in the very words of the statute, concluding with the unnecessary addition "to the best of this deponent's knowledge and belief," which is mere surplusage, being only a repetition of what had already been said, and does not qualify or impair the completeness of the probate. The affidavit may be subject to grammatical criticism, but grammatica folsa non vitiat, and the defendant administrator would incur no risk in paying a demand so well probated as this, unless he had knowledge of its payment or satisfaction, or was in possession of evidence that convinced him of its fraudulent character. It is true, that in the absence of such knowledge or evidence, an administrator is not compelled to pay every or any probated debt, hence a probate is not conclusive evidence, and in a contested case its importance is of the slightest weight. In fact, on a trial, the defendant may ignore the probate and put the plaintiff to proof of his claim in the same manner *Page 84 
as if the action was between individual creditor or debtor, a judgment against an administrator constituting a more perfect voucher than a probate. (Prettyman v. Waples, 4 Harr., 299). For this reason it was decided, in the case just cited, that on a trial before a jury a probate is not necessary unless called for by the defendant.
If what has been said in reference to the office, authority and duties of an administrator be correct, and the construction given to the statute concerning probates is just and proper, it would appear that nothing is wanting in the probate of the plaintiff that is material to its validity, and that it fully meets the requirements of the statute both in form and substance. The meaning of the collocation of words in the probate is obvious, and by no possible construction can any other conclusion be drawn from them than that the defendants intestate are indebted to the plaintiff as administrator in the manner and amount mentioned. But the defendant's counsel went still further in the argument and assumed that § 29 does not provide for a case like the present one. The statute, it is said, permits a foreign corporation to sue in this State for a debt due to itself, but not as an administrator, and it cannot thereupon make a probate for any other purpose than the proof of its own debt, all others being excludedex vi termini. The objection, precisely stated, is that no mode is pointed out in the statute for the making of a probate by a corporation administrator. This presents a question not, perhaps, strictly raised by the exceptions, but of vital importance to the plaintiff, and, as it was discussed by counsel on both sides, is a proper subject for the consideration of this court.
At common law a corporation cannot make an affidavit, and if the statute has not provided a way in which a corporation administrator can make a probate, it is a casus omissus, and the plaintiff is without remedy. A result so repugnant to the principles and administration of justice should not be admitted without abundant demonstration and authority to establish it.
Corporations being endowed with a permanency of existence, and combining the wealth as well as the vigilance and energy of *Page 85 
individuals, and affording ample security for the faithful discharge of their duties, are particularly adapted to act as trustees, executors and administrators, but their usefulness in these respects would be injuriously affected and often destroyed, if the rights of suitors in courts of justice were denied to them on merely technical grounds. We should, therefore, be satisfied with some degree of certainty, that the statute limits and restricts a corporation creditor or plaintiff to the probate of a debt due to itself, in its own right and excludes all others before sustaining the defendant's objection. As before said, the administrator is the legal owner of the assets of the intestate whom he represents and has the power of dealing with the property of his decedent as the latter could in his lifetime; and this court having heretofore decided (in Deringer Admr. v. Deringer Admr., June Term, 1878) that a foreign corporation has the right to sue in the Superior Court of this State for the recovery of a debt, it follows that it should also be allowed, equally with a natural person, to do and perform, through its officers and agents, all things and acts requisite to maintain its suit that are not expressly prohibited by statute or in contravention of settled rules of law. On principle and in reason there can be no more virtue or validity in a probate made by an individual administrator than in one made by a corporation officer. The statute demands no higher proof from one than from the other. The same form is prescribed for each, to wit, "that he has made due inquiry and does verily believe," etc., and neither is better qualified than the other to perform the duties incumbent on an administrator. There being no express words forbidding the making of a probate by the treasurer of a corporation administrator, do the scope and intent of the statute, according to the canons of construction, limit and restrict the making of a probate by such officer to a single and special class of debts? A primary rule of construction, when searching for the intent of a legislative act, is to look at the mischief it was intended to remedy. Here the mischief was the probability of fraudulent claims being set up against the estates of deceased persons, to prevent which the law was enacted requiring a probate from every creditor, if living, and if dead, from *Page 86 
his administrator, and in the case of a debt due to a corporation by its cashier or treasurer. A probate made by the officer of a corporation administrator is, therefore, as clearly within the purview of the statute as one made by any other administrator, both being designed to guard against the same mischief — fraudulent claims. It is evident that to admit the plaintiff's probate would neither strain the letter of the act or do violence to its spirit. "The true intent and meaning of a statute is no doubt always to be regarded; and to such purpose, says one of the sages of the law, ought the words to be construed. Constructions, both of statutes and of wills, are to be made according to the intent of the framers, and not by any strict or strained interpretations; and sometimes acts of parliament are to be expounded differently in sex, name, number, person, occasion, degree, etc., from the letter, in order to preserve the intent. All acts are to be taken by reasonable construction; and in doubtful cases, judges may enlarge or restrain the construction of acts of parliament according to the sense of the law-makers." Dwarris on Statutes, 725. "Where the meaning of a statute is doubtful, the consequences, it is said, may be considered in the construction; but where the meaning is plain, no consequences are to be regarded in the interpretation; for this would be assuming a legislative authority. The consequences are to be considered; for the courts will not construe acts of parliament so as to admit of any absurd consequences. No statute shall be construed in such a manner as to be inconsistent and against reason."Ibid., 755. Applying these rules to the case at bar, it is a reasonable and consistent construction of the statute to say that it includes within its scope and intent, any and every debt that may be due to a corporation, either as trustee, assignee, executor or administrator. Considering the corporation as a distinct entity, invested with the legal ownership of the assets, and having the right to enforce the payment of debts due to it as an administrator, it is a natural construction to infer that it is included in the class which is mentioned in the statute as "holding" the debt, whether in its own right or as the assignee or representative of another. The cashier or treasurer, being authorized to *Page 87 
make a probate, without express words of limitation restricting it to a particular class of debts, we are of the opinion that the court below erred in instructing the jury to render a verdict for the defendant.
If the proper construction of the statute were more doubtful than we think it is, then, according to the rule stated in Dwarris and to the maxim ampliari justitiam, the benefit of the doubt should be given to the plaintiff, and the construction enlarged so as to be consistent with the sense of the law-makers. We might, perhaps, feel less confidence in this conclusion, if the opinion of this court were to be decisive of the controversy between these parties; but as the admission of the probate does not touch the merits of the contest, and leaves the defendant at liberty to resist the action by putting the plaintiff to the proof of his claim before a jury, and by counter-evidence, we only award to the plaintiff the same rights which are possessed by all suitors in a court of justice.
The suggestion that a false affidavit made by a corporate officer in the present case would not subject the affiant to the penalties of perjury, raises a question which it is not the province of this court to decide. Penal statutes are to be strictly construed for the benefit of the person against whom the penalty is inflicted, but the general principle is well established, that where a person lawfully sworn, deposes falsely, with intent to deceive, and his evidence is admitted in any judicial proceedings, as material to the cause, he would be guilty of perjury and liable to indictment. 2 Chitty Cr. Law, 302; Van Steevberg v. Kortz, 10 Johns, 169; Jackson v.
Humphrey, 1 Ibid., 497.
Saulsbury, Chancellor, concurred in the foregoing opinion.
Houston, J. I sat in this case in the court below, and when the question presented in it, on the motion for a non-suit, whether the probates produced and offered in it to the court complied with the requirements of the statute on that subject — not being prepared in my own mind to hold that it ever contemplated or intended that the treasurer of a corporation aggregate *Page 88 
administrator under the laws of another State of a deceased person there, should be competent to make such a probate as our statute requires against the estate of a deceased person here, without some further statutory provision in this State, to authorize such an administrator by its treasurer to make and use it in a suit against an administrator of a deceased person in this State — I acquiesced in the opinion and decision of the majority of the court below, that both of the probates produced were for that reason insufficient and inadmissible under the requirements of our statute as it stands. But as one of the judges below dissented from that opinion, and I thought the question should be considered and decided by this court, I also concurred in the further decision of it to refuse the motion for a non-suit, and to direct the jury to return a verdict for the defendant on the ground of their insufficiency in the opinion of the court, in order that the rulings of it in the case might be brought for review before this court on writ or writs of error by either or both of the parties to it and which each of them has taken to it.
And this brings up the question first presented in the argument of the cases before us here, whether the court below had authority in such case under the facts and circumstances stated, to refuse on ruling out the probates as insufficient and inadmissible, to enter a judgment of non-suit on the motion of the defendant, and then to direct the jury to return a verdict for him for the reason given, and thereon to enter a final judgment for him, inasmuch as the statute, in such case made and provided, expressly declares and requires that if an affidavit or probate "be not produced in an action against an executor or administrator for a debt against the deceased, the plaintiff shall, upon motion, be non-suited." Chap. 89, § 29, Rev. Code, 547. And there is no exception to or qualification of this peremptory provision of it to be found in the statute. Whether the defendant was so prejudicially affected by this ruling and judgment in the court below as to entitle him to a writ of error to reverse it, or the legal ground on which it refused the motion for a non-suit, and instead thereof directed the jury to return a verdict for him and thereupon rendered judgment in his favor, sufficiently appears *Page 89 
on the record of the case sent up here to dispense with the necessity of a bill of exception to it by the defendant in order to bring it before this court, both of which the counsel for the plaintiff denied in their argument on their motion to dismiss or quash the defendant's writ of error, it is not necessary to consider, although I am inclined to think a bill of exceptions by the defendant would have better served to bring the question in the case which I am now considering before this court for its revision. For under our statute in relation to bills of exceptions, and the obvious design and policy of it, the court was quite as imperatively required in such a case to sign such a bill had it then been tendered by the defendant in order to bring up the question of law there decided by a writ of error with the bill before this court, as it was by the provision of the other statute before cited required to non-suit the plaintiff upon the motion of the defendant on its appearing to the court that no sufficient probate of the debt had been produced in the case.
The second section of the statute in regard to bills of exceptions is as follows: "Exception may be taken, as aforesaid, to the overruling of a challenge; to the admission or rejection of a witness, or of any evidence; to the refusal of a demurrer to evidence; to the charge delivered to the jury; to a refusal to charge the jury upon a point duly made, or to the decision upon any point of law arising in the course of the trial and material to the determination thereupon, which decision will not otherwise appear by the record." Rev. Code, 692, 693. It is to the last provision of the foregoing section I specially refer, for a probate, when held sufficient and admitted by the court, is not evidence to go to the jury, and is only evidence to the court merely that the person holding the debt has made the necessary affidavit to it, as required by the statute, and whenever, in the trial of a case, a probate is produced, and a question arises whether it is sufficient under the requirements of the statute, it is a question of law for the consideration and decision of the court solely, and when decided by it upon a motion for a nonsuit, on its rejection it falls directly under the last provision of the section of the statute just stated, and if a bill of exceptions *Page 90 
be tendered to it by either party entitled to except to it, the court is absolutely bound to allow it, provided the decision of the court is properly stated in it, and it may then even be compelled to allow it by writ of mandamus out of this court. And so, if the court in such a case declines to grant a non-suit upon motion, the effect and consequence of it will be the same, and if in either case the decision be erroneous on a question of law arising in the course of the trial, the remedy is by a writ of error sued out of this court. The two statutes being inpari materia, and apparently in conflict, so far as this case is concerned, must be considered and interpreted together so as to reconcile and harmonize the meaning and intention of them. But if discrepancy in the provisions of them be irreconcilable, then I think the minor importance of the former must yield to the paramount importance of the latter.
I am therefore still of the opinion that the decision of the court below was right, and that it had power and authority to proceed in all respects as it did in the case, and I accordingly think that the judgment below should be affirmed.