## IN THE MATTER OF M. D. MONSARRAT, a Bankrupt.

### January 7, 1911.

*General orders in bankruptcy—Construction:* In the following words from General Order XII, ''and thereafter all the proceedings, * * * shall be had before the referee,'' the word ''shall'' is directory, and the jurisdiction of the judge over such of the said proceedings as may be brought before him in the first instance is not thereby ousted.

*Bankruptcy—Validity of a sale of bankrupt's property by a trustee:* A sale of bankrupt's property at private sale, by a trustee without its appraisal and without the order of the court and which has not been approved by the court, vests no title in the buyer.

*Same—Jurisdiction:* A court of bankruptcy has jurisdiction over proceedings brought before it, both in the nature of summary and plenary actions, to try the title to property of the bankrupt once in the possession of the court and sold by the trustee without authority.

*In Bankruptcy*: Demurrer to petition against the approval of the trustee's accounts.

*C. F. Peterson,* Attorney for the Bankrupt.
*E. C. Peters,* Attorney for A. F. Cooke.
*Thompson, Clemons & Wilder,* Attorneys for the Trustee.

DOLE, J. In the matter of the bankruptcy of M. D. Monsarrat, the bankrupt has filed a petition against the approval of the accounts of the trustee, alleging mismanagement of the estate and illegal transactions, and further alleging a sale of 100 shares of the Palolo Land & Improvement Company, Limited, for $100.00 to A. F. Cooke at private sale without any appraisal having been made of such stock and without notice of such sale to the petitioner or to the creditor holding the majority in amount of claims against the estate and without any order of court authorizing such sale and without reporting such sale to the court or the referee or the creditors of the bankrupt, until over a year after the same was made, and without depositing the proceeds thereof in the government depository until

after such sale was reported to the referee as aforesaid; and the petitioner alleges that the said price for such property was grossly inadequate and that the property was worth at that time not less than $1000; but that the trustee was misled by false representations of the said Cooke to the effect that the stock was not worth more than $100; and prays that the said trustee and the said A. F. Cooke be cited to appear and show cause why an order should not be made setting aside the said sale, and that the trustee be not discharged until he has properly administered the said estate.

The said trustee and A. F. Cooke filed their demurrers to the petition, the grounds of such demurrers being mainly that the court has no jurisdiction in the matter raised by the petition but that under reference to the referee the latter has the sole jurisdiction to hear and dispose of the case subject to review by the judge; also that the court, including the referee, is without jurisdiction to try the petition for setting aside the sale of stock to A. F. Cooke, that being an issue which can only be tried by a court of equity.

On the first point the rule relied upon by the respondents is to be found in General Order XII, providing for reference of cases to the referee, and upon such reference the order recites "and thereafter all the proceedings, except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee," respondents taking the ground that such order is imperative and places within the referee the sole jurisdiction of such proceedings.

It is to be noticed that there is no provision in the bankruptcy act which enacts such a rule, nor has any case been presented by counsel nor discovered by the court in which this point was at issue.

Counsel have cited cases in support of their contention, one of which is *In re Reliance Co.,* 100 Fed. Rep. 619. This case deals only with objections to receivers' accounts for expenses of administration. The point in question was not in issue and the decision has no bearing upon it. In the case of *In re Gut-*

*terson,* 136 Fed. Rep. 689, cited on the same point, the trustee had petitioned the referee for leave to sell certain assets at auction or at private sale, which was granted. The bankrupt appealed to the judge, who said: "At the argument the bankrupt objected to a private sale and to sale before appraisement. It does not appear that these objections were made to the referee, and they cannot be made for the first time before the judge. If either objection is substantial, the bankrupt should apply to the referee for a modification of the original judgment." It does not appear in this case that the judge refused to act on the bankrupt's objection on the ground of want of jurisdiction but rather because the point raised before the judge had not been made before the referee and of course was not and could not have been certified up in obedience to the rule of General Order XXVII. *In re Kelly Dry Goods Co.,* 4 Am. B. R. 528.

In the case of *In re Cobb,* 112 Fed. Rep. 655, also cited by counsel for the trustee on the same point, the provision referred to of General Order XII was mentioned merely incidentally in the consideration of another point and was not in issue and no ruling was made in regard to it.

It therefore appears that this court is free to construe that part of General Order XII referred to and particularly the word "shall" in the last sentence quoted,—"shall be had before the referee." There would not seem to be any reason to apprehend that the Supreme Court of the United States, in adopting this rule, had any intention of construing the bankruptcy act with the strict meaning contended for. Is it not more likely that the word "shall" and the sentence in which it is found was used in a directory sense and that it was merely intended to mean that after reference the referee should have general charge of the subsequent proceedings, mainly having in view the administration of the ordinary progress of the settlement of the estate and the conduct of hearings therefor, according to the powers given him by the bankruptcy act, general orders and rules of court? While he has these powers and duties, it

does not appear that they are not also held by the judge. A district court of a Territory is a court of bankruptcy and "may include the referee. *Bankruptcy act,* sec. 1, divisions 7 and 8. Such court has original jurisdiction, among other powers, to allow and disallow claims, to cause the estates of bankrupts to be collected, reduced to money and distributed, and to determine controversies in relation thereto, except as otherwise provided in the act. *Id.* sec. 2. The referee may perform such part of the duties  *  *  *  as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts"; with some exceptions stated in the act. *Id.* sec. 38, div. 4.

While the referee is given these powers there are no words taking them away from the judge, who, as the court of bankruptcy, is invested with original jurisdiction to do these things.

This continuing jurisdiction of the judge appears to be recognized in practice, there being numerous cases of petitions to the district courts both in the nature of summary and plenary actions, and the trial of such actions by such courts, when it must be supposed that orders of reference had been made. *Whitney v. Wenman,* 198 U. S. 539, is one case in point.

The contention of the respondents would, if correct, greatly diminish the effectiveness of courts of bankruptcy, and embarrass and delay the settlement of such controversies as may be had before such courts. It could never have been intended by Congress that such controversies, many of them involving principles of equity practice, should first be determined by referees and only by the judges on appeal from the referees.

"The word 'shall,' when used by the legislature to a court, is usually a grant of authority, and means 'may'." *Becker v. Lebanon & M. Ry. Co.,* 41 Atl. 612, 613.

" The word *shall* may be held to be merely directory, when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction; but if any right to anyone depends upon giving the word an imperative construction, the presumption

is, that the word was used in reference to such right or benefit."
*Wheeler v. City of Chicago,* 24 Ill. 105, 107-108; *City of Madison v. Daley,* 58 Fed. Rep. 751, 753; *First National Bank v. Neill,* 34 Pac. (Mont.) 180, 181.

The second ground of demurrer, i. e., that the petition presents an issue that can only be tried in a court of equity, must also be overruled; inasmuch as the court had possession of the shares of stock in the Palolo Land & Improvement Company, Limited, and the sale of them by the trustee being made without their appraisal, as required by law (B. A., sec. 70b), and at private sale without the order of the court (Gen. Order 18, div. 1), and not having been approved by the court, no title has vested in the grantee. *In re Shea,* 11 Am. B. R. 207, 210-211; *Williamson v. Berry,* 49 U. S. 508, 560-563; *Collier on Bankruptcy* (7th ed.) 401, sec. 23b, subd. e. This being the case, the jurisdiction of the court under division 7 of section 2 and section 70b of the bankruptcy act, continues. " The court had possession of the property and jurisdiction to hear and determine the interests of those claiming a lien therein or ownership thereof. We do not think this jurisdiction can be ousted by a surrender of the property by the receiver without the authority of the court. * * * The district court had the right in a proceeding in the nature of a plenary action, in which the parties were duly served and brought into court, to determine their rights and to grant full relief in the premises." *Whitney v. Wenman,* 198 U. S. 539, 553; *Mueller v. Nugent,* 184 Id. 1, 14; *In re Baudouine,* 3 Am. B. R. 651, 655; *In re Kellogg,* 113 Fed. Rep. 120, 124-127.

The exceptions of section 2 division 7 are found in section 23b and do not include the case submitted by the petition.

Another ground of demurrer to the effect that the said A. F. Cooke was not made a party has been corrected, by bringing him into court and his appearing as a respondent and filing his demurrer.

Another ground of demurrer is general to the petition and is without merit.

The demurrers are overruled on all grounds.