EDWIN S. FOWLER

*v.*

EDWARD R. PIRKINS.

1. STATUTES—*construction of words "may" and "shall."* The words *"may"* and *"shall,"* when used in a statute, may be read interchangeably, as will best express the legislative intention. The word "may" will be construed to mean *shall* where the public interests and rights are concerned, and the public or third persons have a claim *de jure* that the power shall be exercised; and the same is true where the word "shall" is used; but where no right or benefit to any one depends upon the imperative use of these words, they may be held directory merely.

2. APPEAL—*from county court on judgment against lands for taxes.* The act of 1874 which provides that appeals from judgments of the county courts against lands for taxes, etc., *may* be taken to the Supreme Court, is not imperative, and therefore does not repeal by implication the provision of the Revenue act of 1873, which gives an appeal in such case to the circuit court.

3. REPEAL BY IMPLICATION—*rule.* If there be two affirmative statutes, or two affirmative sections in the same statute, on the same subject, the one does not repeal the other if both may consist together, and the courts will seek for such a construction as to reconcile them.

APPEAL from the Circuit Court of Sangamon county ; the Hon CHARLES S. ZANE, Judge, presiding.

This was an application by the appellee. as county collector of Sangamon county, to obtain judgment against certain lands for taxes. The appellant filed objections to the rendition of judgment against his lands, which were overruled, and judgment rendered. He thereupon removed the case to the circuit court by appeal. The latter court dismissed his appeal, and from that order this appeal is prosecuted.

Mr. N. M. BROADWELL, for the appellant.

Mr. L. F. HAMILTON, State's Attorney. and Mr. JAMES A. KENNEDY, City Attorney, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

Under the Revenue law of 1872, as amended by the act of 1873, appellee. who was collector of taxes, made an application to the county court of Sangamon county, at the May term, 1874. for judgment for the taxes due on delinquent lands. Appellant filed objections. in writing. to any judgment against lands owned by him, but the same were overruled, and judgment rendered. An appeal was taken at the same term the judgment was pronounced, to the circuit court of the county, under the statute then in force. At the October term of the circuit court next ensuing. on motion of appellee, the appeal was dismissed, on the ground the court had no jurisdiction to entertain the appeal, the law under which it was taken having, in the meantime, been repealed, by the act in force July 1, 1874. That decision is assigned for error.

By section 192 of the Revenue law of 1872, as amended by the act of 1873, an appeal is given in this class of cases to the circuit court of the proper county. R. S. 1874, p. 890.

But section 123 of the act in force July 1, 1874, entitled "County Courts," provides, "Appeals and writs of error may be taken and prosecuted from the final orders, judgments and

decrees of the county court to the Supreme Court, in proceedings for the sale of land for taxes and special assessments, and on the application of executors, administrators, guardians and conservators for the sale of real estate." R. S. 1874, p. 344.

It is contended this latter section repeals the former, and, notwithstanding the appeal in this case was taken and perfected before the act of 1874 took effect, and while the former·act was in force, it is insisted, the law in the meantime having been repealed, the appeal could not be maintained.

The action of the circuit court is based on a misapprehension of the effect of the 123d section of the act of 1874. If the 192d section of the Revenue law has been repealed at all, it must be by implication. It has not been done by any express statute, and the legislature has manifested no intention to repeal it. The act of 1874, which it is claimed effects the repeal, was not a revision or a recasting of the Revenue law, but is an act in relation to county courts. The words used in both acts, providing for the appeal, are, "may be taken." It is claimed, the word "may" shall be read "shall," and hence, it is insisted, the statute of 1874 is peremptory, the appeal *shall* be taken directly to the Supreme Court.

The words "may" or "shall," when used in a statute, may be read interchangeably, as will best express the legislative intention. The rule adopted by this court is, "the word *may* means *must* or *shall*, only in cases where public interests and rights are concerned, and the public or third persons have a claim *de jure* that the power shall be exercised." *Schuyler County* v. *Mercer County*, 4 Gilm. 20. And so, on the other hand, the word "shall," if any right to any one depends upon giving it an imperative construction, the presumption is, the word was used in reference to such right or benefit; but where no right or benefit to any one depends upon the imperative use of the word, it may be held to be directory merely. *Wheeler* v. *City of Chicago*, 24 Ill. 105.

18—77TH ILL.

There is nothing in the statute of 1874 that makes it obligatory on the courts to give the word "may," as used in the County Court act, an imperative construction. The Revenue law, as amended in 1873, provided, an appeal may be taken to the circuit court from all judgments against lands for taxes in the county court; while the act of 1874, defining the jurisdiction of county courts, provided that appeals in certain cases may be taken from final judgments in the county court directly to the Supreme Court, and, among others, from judgments for the sale of delinquent lands for taxes. Construing the word "may," as used in the two statutes, as merely directory, no reason is perceived why both statutes may not stand. The later act contains no repealing clause, nor is there anything inconsistent in its provisions with the earlier act. Instead of taking the appeal to the circuit court in the first instance, the County Court act gives the right of appeal in this particular class of cases directly to the Supreme Court. The party may avail of either remedy. Of course, he can have but one appeal. An appeal to either court would bar an appeal to the other.

The rule of construction on this subject of statutes has been accurately stated, as we understand it, in *Brice* v. *Schuyler et al.* 4 Gilm. 221. It was there said, "If there be two affirmative statutes, or two affirmative sections. in the same statute, on the same subject, the one does not repeal the other if both may consist together, and we ought to seek for such a construction as will reconcile them together." There is no reason why both sections of the statutes we are considering may not consist together. The one gives an appeal to a court of last resort in a certain class of actions, and the other to a court of general, but not conclusive, jurisdiction. The court erred in dismissing the appeal, for which reason the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. Chief Justice Walker: I am unable to hold that a party may appeal to either court, but should be required to appeal to this court, under the act conferring jurisdiction on the county court. But, appellant having appealed to the circuit court before the passage of that act, the court acquired jurisdiction, which was not taken away by the adoption of that act, and the circuit court should have proceeded to try and decide the case.