## SAMUEL O. WALKER

### v.

## THE PEOPLE ex rel. Miller.

1. APPEAL—from county to circuit court—act of 1873 not repealed by act of 1874. Section 192 of Laws 1873, providing for appeals from the county to the circuit court, which was retained as a section of the Revenue Law of 1874, was not repealed by the act to extend the jurisdiction of county courts, approved March 26, 1874, and in force July 1, 1874, which provides for appeals from the county court to the Supreme Court.

2. REPEAL OF STATUTE—effect on pending causes. Even if the 123d section of the act of March 26, 1874, should be so construed as to require all cases appealed, after its adoption, to go to the Supreme Court, it would not affect an appeal pending in the circuit court which had been perfected under the 192d section of the act of 1873, and of which the circuit court had acquired jurisdiction before the enactment of the act of March 26, 1874.

APPEAL from the Circuit Court of Cook county.

Mr. EDWARD ROBY, for the appellant.

Messrs. ROOT·& ARRINGTON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It is claimed by appellant that the statute under which an appeal was taken from the county to the circuit court, was repealed while the cause was pending in the circuit court, and in consequence of such repeal the circuit court was deprived of jurisdiction to render the judgment.

The appeal was taken from the county to the circuit court in July, 1873, under section 192, Laws of 1873, page 48, which was in force when the appeal was taken, and which declares, "Appeals from the judgment of the court may be taken during the same term to the circuit court of the county, on the party praying the appeal executing·a bond to the people of the State of Illinois, with two or more sureties, to be approved by the court, in double the amount of the judgment, conditioned that the appellant will prosecute his said

appeal with effect, and will pay the amount of any tax, assessment and costs which the circuit court, on the trial of the appeal, may render against any real estate embraced in such appeal."

The act to extend the jurisdiction of county courts, approved March 26, 1874, and in force on the 1st day of July thereafter, contains a section as follows:

"Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county courts to the Supreme Court, in proceedings for the sale of lands for taxes and special assessments, and on the application of administrators, executors, guardians and conservators, for the sale of real estate. Such appeals and writs of error shall, when not otherwise provided, be taken and prosecuted in the same manner as appeals from, and writs of error to, the circuit courts."

This section of the County Court Act, it is contended, repeals, by implication, that section of the Revenue Law of 1873, which provided for an appeal to the circuit court. The 192d section of the act of 1873, in the revision of 1874, was, however, retained as a section of the Revenue Law of the State. R. S. 1874, p. 890.

There seems to have been no intent, on the part of the legislature, to repeal the section of the Revenue Law that allowed an appeal to the circuit court. In the absence of such intent, we held, in *Fowler* v. *Pirkins*, 77 Ill. 271, that the 192d section of the act of 1873 was not repealed by the enactment of the 123d section of the County Court Act in 1874; that the two statutes were not so inconsistent but that they might consist together.

There is nothing in the argument of appellant to convince us that the decision in the *Fowler case* was not correct, and we must adhere to the rule there announced, which is conclusive of the question raised here. But should the 123d section of the County Court Act be so construed as to require all cases appealed after its adoption, to go to the Supreme Court,

yet, as this appeal was properly pending in the circuit court, and the court had acquired jurisdiction of the case before the enactment of that statute, in the absence of any language used in the act extending the jurisdiction of county courts, manifesting an intention, on the part of the legislature, to take from the circuit court jurisdiction of appeals then pending under the provisions of the act of 1873, we would be fully justified in holding that the power of the circuit court over the case was not affected by the enactment of the 123d section of the act extending the jurisdiction of county courts.

This view of the subject seems warranted by section 4, chapter 131, R. S. 1874, p. 1012, which declares that "no new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect," etc.

The statute under which the appeal was taken in this case to the circuit court, had conferred the right upon the parties to have the matters in litigation tried in that court, and it would seem, under the section cited above, they were not deprived of that right, even if the statute under which the appeal was taken was, by implication, repealed.

In any view, therefore, that we have been able to take of the question, we are of opinion that the circuit court had jurisdiction, and as no other question has been raised, the judgment will be affirmed.

*Judgment affirmed.*