## Lydia A. Edwards, Appellant, v. W. Scott Edwards, Appellee.

1.  REPEAL—*when not effected by implication.*  A repeal by implication is not favored in the law, and a later statute will never be held to repeal an earlier one, unless they cannot be reconciled. It is the duty of the court to construe them so as to avoid a repeal, if such a construction can be given, and a statute will never be held to be repealed by implication if it can be avoided by any reasonable hypothesis.

2. REPEAL—*when general law does not affect special.* A subsequent law which is general does not repeal a former one which is special and intended to operate on a particular subject, unless it is impossible that both should be enforced. The one does not repeal the other, if both may exist together, and the court will seek for such a construction as to reconcile them, and thus give effect to the legislative will as expressed in each act.

3. ADMINISTRATION OF ESTATES—*when next of kin not entitled to.* Section 9 of chapter 86, pertaining to idiots, drunkards and spendthrifts, is not repealed by section 18 of the Administration Act, and the conservator of the deceased, rather than the next of kin, is entitled to administer.

Petition for letters of administration. Appeal from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

MARVIN T. ROBISON and CHARLES F. ROBISON, for appellant.

W. SCOTT EDWARDS and HARRY M. WAGGONER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by Lydia A. Edwards from a judgment of the Circuit Court setting aside an order of the County Court by which she had theretofore been appointed administratrix of the estate of her deceased husband, Samuel Edwards, and appointing appellee, W. Scott Edwards, who was acting as conservator of said Samuel Edwards at the time of his death, to administer said estate. The appellee predicated his right to administer upon section 9 of chapter 86 of the statutes, which provides that "Whenever any lunatic, idiot, drunkard or spendthrift shall die seized or possessed of any real or personal estate, then such conservator shall have full power and authority under the letters issued to him or her, to make full settlement of the estate of said deceased ward, without further letters of administration, in such time and manner as

is required by law of administrators of the estates of deceased persons. *Provided* this shall not apply to non-resident conservators." Rev. Stat. 1905, p. 1347. Appellant claims the right, as widow of said decedent, by virtue of section 18 of the Administration Act, which as amended, provides for the grant of letters of administration of the estates of all persons dying intestate, by certain persons as therein named, giving preference to the surviving husband or wife, if any. Rev. Stat. 1905, p. 107. It is contended by appellant that inasmuch as the latter section was enacted, as amended, subsequently to the adoption of the former section, it repealed the former by implication. The cause having been submitted to the court upon an agreed statement of facts this is the only question presented for determination.

It is well settled that a repeal by implication is not favored in the law, and a later statute will never be held to repeal an earlier one, unless they cannot be reconciled. It is the duty of the court to construe them so as to avoid a repeal, if such a construction can be given, and a statute will never be held to be repealed by implication if it can be avoided by any reasonable hypothesis. It is also the rule that a subsequent law which is general does not repeal a former one which is special and intended to operate on a particular subject, unless it is impossible that both should be enforced. The one does not repeal the other, if both may exist together, and the court will seek for such a construction as to reconcile them, and thus give effect to the legislative will as expressed in each act. Village of Ridgway v. Gallatin Co., 181 Ill. 521; Fowler v. Pirkins, 77 Ill. 271; Trausch v. County of Cook, 147 Ill. 534; Lang v. Friesenecker, 213 Ill. 598. Unless, therefore, the statutes in question can be said to be so directly and positively inconsistent with and repugnant to each other that under no reasonable hypothesis can both be enforced, the contention is without force. Lang v. Friesenecker, *supra.*

The former section is special in that it operates upon a particular subject, that of the administration of the estates of incompetent persons upon whose conservators are conferred unusual powers. We perceive no reason why the respective sections cannot be fairly reconciled and each be consistently enforced independently of the other. The effect of such construction would be to preserve the preferences conferred by the latter section, except in the special case mentioned in the former. No violence would thus be done to the terms of the respective acts, nor, as we believe, would the legislative intent as expressed in each act, be thereby defeated. The purpose of the former section, which was evidently to save the expense of administering upon the estates of deceased persons whose estates were already under the control of conservators and undergoing settlement by the latter (Lang v. Friesenecker, *supra*), is thus recognized and kept effective.

It is further contended by appellant that in the absence of any proof by appellee that he was a resident conservator his appointment was invalid. If he was disqualified to act for the reason stated, it was the duty of appellant to have established such fact upon the *de novo* hearing upon the petition in the circuit court.

The judgment will be affirmed.

*Affirmed.*