BURNHAM HOTEL VS. CITY OF CHEYENNE
R. R. DODGE & COMPANY VS. SAME
(Nos. 1134, 1135, January 22nd, 1924; 222 Pac. 1.)

INTOXICATING LIQUORS—STATUTORY CONSTRUCTION—TITLE OF STATUTE CANNOT OVERCOME INTENT—REFUNDING OF UNEARNED LICENSES.

1. Where the language of a statute is ambiguous, its meaning may be ascertained by resorting to its legislative history.
2. Laws 1919, c. 100, providing that municipalities may refund liquor license money in certain cases, held, in view of its legislative history, to be permissive and not mandatory; "may" being construed as mandatory only when

public interests and rights are involved, or when the public or individuals have a de jure claim that the power given by the statute should be exercised.

3. The title of an act is resorted to for construction in doubtful cases only, and cannot overcome the plain legislative intent manifested by the deliberate change of the word ''shall'' to ''may'' in the body of the act.

4. The power of municipalities under Laws 1919, c. 100, to refund unearned liquor license money, cannot be discriminatorily exercised, but must be exercised under a uniform rule, probably requiring the adoption of an ordinance.

APPEAL from District Court, Laramie County; HARRY P. ILSLEY, Judge.

Action by the Burnham Hotel Company and R. R. Dodge and Company, respectively, against the City of Cheyenne to recover unearned license money under liquor licenses rendered inoperative before the expiration of the license period. Judgment in each case for defendant and plaintiffs appeal.

*H. Donzelman* for Appellants.

The case involves an interpretation of Chapter 100, Laws 1919, providing that license authorities may refund unearned license money. The leading case is Supp'rs. v. U. S. 4th. Wall. 435. The word "may" as used in the Statute is tantamount to "shall." Ralston v. Crittenden, 13 Fed. 508; Hayes v. County, 33 Pac. 766; Pac. Coast Co., v. Wells, 66 Pac. 657; Otis v. San Francisco, 148 Pac. 933. Same rule followed in Idaho, State v. Surety Co., 152 Pac. 189 and in Oregon; Smith v. Sheriff, 12 Pac. 8; Kahn v. Sheriff, 20 Pac. 629, see also Endlick Int. Stats. 310, Arizona Com. v. Heralds of Liberty, 154 Pac. 202. The Illinois Court supports the same rule, Traders Ins. Company v. Humphrey, 109 Ill. App. 246, and also People v. Buffalo County, 4 Neb. 150; the Missouri cases support the same doctrine, State v. King, 36 S. W. 681; Deming v. Const. Co., 136 S. W. 740. The reason for the rule is well expressed in Jordan v. Davis, (Okla.) 61 Pac. 1063, the case

of Peterson v. Guernsey (Wyo.) 183 Pac. 645 was decided independent of the act in question. In Blum Co. v. Hastings, (Fla.) 79 So. 442, decided independent of Statute, it was held that in justice and fairness, unearned license money should be remitted. It is supported by Sharp v. Carthage, 48 Mo. App. 26. The Florida Court criticises contrary doctrines announced; in Roberts v. Boise City, 23 Ida. 716 and McGinnis v. Meddway, 176 Mass. 67. Bender v. City of Fergus Falls, 131 N. W. 849 holds contrary to the general rule, but is unsupported by authority. Other cases supporting the general rule are, Harrison v. Wissler (Va.) 36 So. E. 982; City of Portland v. Albee 135 Pac. 897; Kime v. Thompson (Ore.) 118 Pac. 174; State v. Holt County 39 Mo. 521; Pierson v. Seattle, 44 Pac. 884; School Dist. v. Thompson, 71 N. W. 728; Chamberlain v. Tecumseh, 61 N. W. 632; Bart v. County, 31 L. R. A. 1151; State v. Weber (Neb.) 31 N. W. 534; State v. Cornwell, (Neb.) 11 N. W. 729; Allsman v. Oklahoma City, 95 Pac. 468; Scott v. Trustees, (Ky.) 21 L. R. A. (NS) 112; Nurnberger v. Town, 20 S. E. 14; Krueger v. Colville, (Wash.) 95 Pac. 81. The title of the act is always a guide as to legislative intent. Suth. Statutory Const. 279; U. S. v. Fisher, 2 Cranch 358; Holy Trinity Church v. U. S. 143 U. S. 457; Bark v. Eudora, 190 U. S. 169; U. S. v. U. P. Ry., 91 U. S. 72; U. S. v. Nakashima, 160 Fed. 842; Price v. Forrest, 173 U. S. 410, Hahn v. Salmon, 20 Fed. 801; Copeland v. Memphis Ry. Co., 6 Fed. Cas. No. 3209; City Treasurer v. Goff, 3 Atl. 591. In Moore v. Chartiers Co. 65 Atl. 936 appears a striking instance of the use of the title of an act to interpret its meaning, and in Wemberly v. Ry. Co. 63 S. E. 29 it was also held that nothing is more pertinent toward ascertaining the true intention than the title of the act. Our Constitution requires the subject to be clearly expressed in the title. Art. III, Sec. 24 Const. The title here directs Boards of County Commissioners to rebate and refund unearned license money.

*T. Paul Wilcox* for Appellee.

In Peterson v. Guernsey 26 Wyo. 272, 183 Pac. 645, it was held that in the absence of statutory authority to refund there can be no recovery of unearned license money; appellant contends that the word "may" as used in Chap. 100, Laws 1919 means "shall;" the rule is that the word "may" shall be construed in a mandatory sense only where that intent is apparent from the statute, 20 A. & E. Ency p. 237, 36 Cyc. 1157-1159; the apparent intent must govern. Harvester Co. v. Lumber Co., 25 Wyo. 372; Morse v. Co., 75 N. Y. S. 976, 5th Words and Phrases 4420; Sedgwick 377; Thompson v. Lessee, 22 How. 434; Allistock v. Paige, 77 Va. 390; Dillingham v. Spartenbury, 8 L. R. A. (NS) 412. The identical point was decided in Bender v. City, 115 Minn. 66, 131 N. W. 849 against appellant's contention and also in State v. Ritter (Wash.) 134 Pac. 492; the former statute provided that there should be no refundment of license fee in any case; the amendment by Chap. 100, Laws 1919 made it discretionary; the money was paid voluntarily and cannot be recovered. Peyton v. Hot Sprgs. Co., 53 Ark. 236, 13 S. W. 764; Monroe Co., v. Kreuger, 88 Ind. 231; Wood v. School Dist., 115 N. W. 308, 15 L. R. A. (NS.) 478; McGinnis v. Medway, 176 Mass. 67, 57 N. W. 210; Trainor v. Co., 2 Ore. 214; City of Fitzgerald v. Witchard, 130 Ga. 552, 61 S. E. 227, 16 L. R. A. (NS.) 518; Company v. Village, (Minn.) 170 N. W. 704. Chap. 100, Laws 1919 as originally introduced contained the word "shall" but on its passage the word "may" was substituted, clearly showing that the Legislature intended the act to operate as a permissive, and not as a mandatory statute, House Jour. 15th. Leg. p. 32.

BLUME, Justice.

These two cases involve identical questions. Both were brought against the City of Cheyenne to recover unearned license money under liquor-licenses issued to plaintiffs by the county of Laramie and the City of Cheyenne in the

early part of 1919 and which became inoperative at midnight of June 30, 1919, when the so-called prohibition act passed by the Legislature at its session in 1919 went into effect, at which time only a part of the period of the licenses in question had run. The *pro tanto* amount for the unexpired terms of the licenses is sought to be recovered herein. The lower court sustained the demurrers filed to the petitions, and plaintiffs not pleading further, judgment was in each case entered for the defendant.

Plaintiffs seek to recover under the authority of the provisions of chapter 100 of the Session Laws of 1919. The title of that act is in part as follows:

"An act *directing* the boards of county commissioners and the city commissioners and city councils of any incorporated city in the state of Wyoming, to rebate and refund so much of any license moneys paid" etc.

The act itself provides in part as follows:

"That whenever it shall become unlawful by reason of any United States law, or by reason of any state law, for any person * * * to be engaged in the retail liquor business in the state of Wyoming before the expiration of the full period for which a license authorizing the sale of liquors, wines and beer shall have been issued * * * the board of county commissioners of the respective counties in the state of Wyoming, and the city commissioners and city councils of any incorporated city in the state of Wyoming, who may have issued such license, *may refund* to the person, persons, company or corporation who have paid the full license money provided by law, such an amount of the license money paid as will cover the period of time, when by the laws of the United States, or of the state of Wyoming, it shall have become unlawful for any person, persons, company or corporation, to be engaged in the retail liquor business in the state of Wyoming." (Italics are ours.)

Most of the money sought to be recovered herein was paid for county licenses issued by the county of Laramie. Under the law of the state as it stood prior to June 30, 1919, all liquor-license money paid for county licenses was paid into the treasury of the incorporated cities and towns where the licensee was located.

It is the contention of counsel for appellant that, especially in view of the title of the foregoing act, mandatory in form, the provision for a refund should be considered mandatory, and that the words "may refund" should be construed to mean "shall refund." Where the language of a statute is ambiguous, its meaning may frequently be ascertained by resort to the history of its passage through the legislature (36 Cyc. 1138), and this we shall proceed to do in this case. The act above set out was originally House Bill No. 9. The bill as introduced contained the words: "shall refund" instead of "may refund," and had the bill passed in that form, no question could have arisen respecting its proper construction or meaning. It would then have unconditionally required a refundment. But it was not so enacted. While the journal of the House is somewhat confusing, the notation on the original bill, (which we have a right to consider: 36 Cyc. 1138) makes it perfectly clear that it was amended in the house by substituting the word "may" for "shall," in connection with the provision for refunding, and as so amended the bill passed both houses and in that form was signed and approved by the Governor. Here is manifest a deliberate change, notwithstanding the fact that the title to the bill was left as originally drawn, and this deliberate change seems clearly to indicate the purpose to leave the matter of refunding within the discretion of the county and municipal authorities. This is the view taken in the case of Bender v. City of Fergus Falls, 115 Minn. 66, 131 N. W. 849, a case nearly parallel to the case at bar. To the same effect is Rea v. Cook, 217 Mass. 427, 105 N. E. 618, where it was said that the deliberate refusal of the legislature to adopt a word which

plainly would have conferred discretionary power upon the local boards and officers, in place of one whose natural purport would compel them to grant a permit, is significant of a settled intention to use the imperative. The title of the act is resorted to for construction only in doubtful cases and cannot overcome the plain intent manifested by the deliberate change from "shall" to "may" in the body of the act. Lapina v. Williams, 232 U. S. 78, 90, 34 Sup. Ct. 196, 58 L. ed 515. The view herein expressed is strengthened somewhat, we think, by the further proceedings of the legislature in connection with the act in question. Upon second reading of the bill in the senate the following amendment was adopted by that body:

"Provided, however, that any retail liquor license hereafter issued shall expire on June 30, 1919, and the licensee shall be required to pay only such part or proportion of the required annual license fee as the period of time for which license shall be issued bears to a full year."

This amendment was so adopted in the afternoon of February 14, 1919. At that time the so-called prohibition act, to go into effect at midnight on June 30th, 1919, had already passed both houses, and the enrolled act thereof was in fact signed by the president of the senate in the afternoon of February 14, 1919. It was probable that that act would become a law, and it was in fact approved by the Governor on the next day. Had it been understood by the legislature that House Bill No. 9, as it then stood, made the return of the proportionate, unearned license fee mandatory, no great necessity could have existed for the Senate amendment above mentioned; and the evident purpose was to protect at least subsequent licensees from losing any license fee for the period subsequent to June 30, 1919. But even this amendment was finally defeated and did not become part of the act as finally passed.

Counsel for appellant has cited many cases wherein the term *may* has been construed to mean *shall* or *must*. The

rule relied upon in these cases is that stated in 36 Cyc. 1159, 1161, that statutes which confer upon a public body or officer power to act for the sake of justice, or which clothe a public body or officer with power to perform acts which concern the public interest or the rights of individuals, will be regarded as mandatory although the language is permissive only. But it is also stated by the same authority that if these statutes are purely enabling in character, simply making that legal and possible which otherwise there would be no authority to do, then they will not be construed as mandatory. . It is further clear that by the term "rights of individuals" mentioned above is not meant every interest which individuals may have in the doing of an act on the part of such public bodies or officers. The rule above mentioned is often stated as follows: "the word *may* means *must* or *shall* when the public interests and rights are concerned, and when the public or *third persons have a claim de jure* that the power given by a statute shall be exercised." Ex parte Banks, 28 Ala. 28; Ex parte Simonton, 9 Porter (Ala.) 390, 395; 33 Am. Dec. 320; Gould v. Hayes, 19 Ala. 438, 462; Nave v. Nave, 7 Ind. 122; Kane v. Footh, 70 Ill. 587, 590; The County of Schuyler v. The County of Mercer, 9 Ill. (4 Gilman) 20; The Chicago & Alton R. Co. v. Howard, 38 Ill. 414; Brokaw v. Commissioners, 130 Ill. 482; 22 N. E. 596, 6 L. R. A. 161; Fowler v. Perkins, 77 Ill. 271. And so it has often been held that unless the right of individuals in such cases is one *de jure*, a statute permissive in form will not be construed as mandatory. State ex rel. v. Justices of Holt County Court, 39 Mo. 521; Newburgh Turnpike Co. v. Miller, 5 Johns. Ch. 101; 9 Am. Dec. 274; Mayor v. Furze, 3 Hill 612; In the Matter of the Application of the Buffalo and Batavia Plank Road Co., 3 Hill. 237; Buffalo Plank Road Co. v. Commissioners, 10 How. Pr. 239; Gilmore v. City of Utica, 121 N. Y. 561, 24 N. E. 1009; People ex rel v. Gilroy, 82 Hun. 500, 31 N. Y. S. 776; Henry v. Bank, 34 S. D. 369, 374, 148 N. W. 626; Fowler v. Perkins, 77 Ill. 271; In

Re application for license to practice law, 67 W. Va. 213, 67 S. E. 597; In re Ellis, 118 Wash. 484, 203 Pac. 957. In People ex rel v. Gilroy, supra, the court said:

"But when the rule is invoked in aid of a personal right, the right must be an existing legal one, and not one which the local board or officer is by the statute authorized to create. * * * In other words, in case the legislature intends to compel a municipality to pay a particular claim, which it is not legally liable to pay, it must say so out and out."

Whether or not the right of individuals to have a permissive statute construed to be mandatory should always be one strictly *de jure,* we need not decide. Counsel for appellant, however, recognize the rule as applicable to the case at bar, and we think correctly so. But he further insists that appellants had a right *de jure,* and relies on Chas. Blum Co. v. Town of Hastings, 76 Fla. 7, 79 So. 442; L. R. A. 1918 F 783; Pearson v. City of Seattle, 14 Wash. 438, 44 Pac. 884; Hirn v. State, 1 O. S. 15; Allsman v. Oklahoma City, 21 Okl. 408, 95 Pac. 468; 16 L. R. A. (N. S.) 511, 17 Ann. Cas. 184; Lydick v. Korner, 15 Neb. 500, 20 N. W. 26; Scott v. Trustees, 132 Ky. 616, 116 S. W. 788, 21 L. R. A. (N. S.) 112, and other cases holding that when a license becomes void without fault of the licensee, common honesty requires that the *pro tanto* amount for the unexpired term of the license should be refunded. It may be said in passing that these cases hold as they do without reference to any special legislative act enabling the local public officers to return such unearned license money, so that if appellants have a right *de jure* to have the *pro tanto* amount for the unexpired terms of the licenses refunded, that right exists without reference to chapter 100 of the Session laws of 1919, and that act either had no force at all, or it created a new right and authorized the local public bodies to do something which they had no previous lawful authority to do. The cases last cited do not express the law in this

state, if we are to adhere to the decision in the case of Peterson v. Town of Guernsey, 26 Wyo. 272, 183 Pac. 645, which holds that, particularly in view of the legislative policy in this state for many years, which prohibited the return of liquor-license money, the revocation of a liquor-license without any act of the municipality which receives the license money nullifying the license, does not authorize the recovery of the unearned portion of such license fee; in other words, that the holders of a liquor-license have no right, *de jure* or otherwise, to recover such unearned license money under those circumstances. We have not been asked to, and we do not believe that we should, overrule the decision in that case, as limited to liquor-licenses. Hence it must be clear that whatever rights appellants acquired, were acquired solely by virtue of chapter 100 of the session laws of 1919, and that act being permissive in form, cannot, particularly in view of the history of the passage of that act, be construed to be mandatory, but simply as permitting counties and municipalities to refund unearned license money after the prohibition act went into force and effect. Such refundment, or refusal to make refundment, cannot, we think, be made discriminatorily, but must be made by any one municipality, if made at all, under a uniform rule, requiring, probably, the adoption of an ordinance, so as to secure uniformity of operation. It has not been shown herein that the City of Cheyenne has adopted any ordinance on the subject, or has refunded any license money herein considered to anyone.

It follows that the demurrers in the cases at bar, were properly sustained, and the judgments herein should accordingly be affirmed.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.
NOTE—See 33 C. J. p. 571; 36 Cyc. 1134, 1138.