## WARD v. BOARD OF COM'RS. OF JOHNSON COUNTY*
### (No. 1379; June 11, 1927; 256 P. 1039.)

STATUTES—TITLE OF ACT—PROSECUTING ATTORNEYS—INTERPRETATION OF LANGUAGE—REIMBURSEMENT FOR EXPENSES.

1. While language of title of statute cannot overcome plain intent manifested in language used in body of act, where language used in the title is of the same purport as that used in the body of the act, it is corroborative of the legislative intent.

2. Comp. St. 1920, § 1458 (Acts 1915, c. 141), entitled "An act authorizing the board of county commissioners to furnish office rooms for the county attorney," and providing in body of act that it "may" furnish such office,

*held* not mandatory, and hence county attorney was not entitled to reimbursement for amounts paid for rent while in office.

3. The ordinary meaning of Language employed by the Legislature in a statute must be presumed to have been used, unless such presumption would defeat the evident object of the act.

4. Unless the law provides that a prosecuting attorney shall be reimbursed for certain expenses, he is not entitled to reimbursement.

*See Headnotes:   (1, 2) 18 CJ p. 1327 n. 86; 39 CJ p. 1393 n. 67, 69; p. 1396 n. 29 New; 36 Cyc. p. 1133 n. 91.   (3) 36 Cyc. p. 1114 n. 96.   (4) 18 CJ p. 1327 n. 86, 87.

Appeal from District Court, Johnson County; Harry P. Ilsley, Judge.

Action by F. M. Ward against the Board of County Commissioners of the County of Johnson. Judgment for defendant, and plaintiff appeals.

*Bert Griggs,* for appellant.

County Commissioners may provide office rooms for County Attorneys at public expense; 1458 C. S.   The limitation, as to amount of expense, was removed by Chapter 88, Laws 1925; permissive words in statutes, concerning public interest, may be construed as mandatory; Mason v. Fearson, 9 Howard 248, 13 L. Ed. 125; Supervisors v. United States, 4 Wall 435; State v. Surety Co., 152 Pac. 189; Hayes v. County, 33 Pac. 766; State v. Kent, (N. D.) 62 N. W. 631; State v. Co., (Wash.) 103 Pac. 426; Phelps v. Lodge, (Kan.) 55 Pac. 840; Ware v. City, (Mich.) 167 N. W. 891.   All laws of a general nature shall have a uniform operation; Art 1, Sec. 34, Const.; 22 R. C. L. 537; Lukens v. Nye, 105 Pac. 593.   The doctrine of estoppel does not apply; Tate v. Association, (Va.) 32 S. E. 383.

*Burton S. Hill,* for respondent.

Any construction of 1458 C. S. should be in favor of the appellees; appellant waived any claim for office rental;

the statute must state whether a particular claim is a legal claim; People v. Gilroy, 82 Hun. 500; Burnham Hotel v. Cheyenne, 30 Wyo. 458. The title of the act indicates its intention; Wemberly v. Ry. Co., 63 S. E. 29; 36 Cyc. 1017; 25 R. C. L. 847. The statute is too plain to require construction; Thompson v. Carroll, 22 How. 422; Minor v. Bank, 1 Pet. 46. Appellant waived his claim to allowance for office rental by long acquiescence in a denial of such allowance; 1 C. J. 905; 23 Am. & Eng. Ency. Law 402; Pray v. U. S. 106 U. S. 594; Galbreath v. City of Moberly, 80 Mo. 484; Town v. Collins, (Miss.) 18 S. W. 460; Thomas v. Supervisors, (Mich.) 8 N. E. 439; People v. Supervisors, (N. Y.) 11 N. E. 391; Coyne v. Rennie, (Cal.) 32 Pac. 578; Mc Haney v. County, 77 Ill. 488; People v. Board, (N. Y.) 12 Hun. 635; Kennedy v. Godman, 15 N. W. 834; Harding v. County, (Ia.) 7 N. W. 396; Bishop on Contracts, Sec. 792. Plaintiff's objection to the introduction of testimony was overruled; defendant's answer contained authorized defenses; Sec. 5660 C. S. Defendant's defenses are not contradictory; Ry. Co. v. Warren 3 Wyo. 135; 31 Cyc. 143. The judgment of the court below was sustained by the evidence.

BEFORE BLUME, Chief Justice, RINER and CROMER, District Judges.

CROMER, District Judge.

The parties to this action will be referred to herein as in the court below, as plaintiff and defendant.

This is an action brought by plaintiff against defendant to recover money paid by plaintiff, while County and Prosecuting Attorney of Johnson County, as rent for offices occupied by him as such county attorney, at the rate of $30 per month from September 29, 1919, until the first Monday in January, 1923, amounting to $1170. Plaintiff was appointed to this office by the board of county commissioners of Johnson County on September 25, 1919, to fill the unexpired term of George P. Wolcott, now deceased, and held

the same under this appointment until the first Monday in January, 1921. In 1920, at the general election, plaintiff was elected to succeed himself and took office on the first Monday in January, 1921, and held the same during the years 1921 and 1922, this entire period amounting to 39 months, the period of time for which it is claimed the amount sued for is due.

In the general election of 1922, plaintiff was again elected to succeed himself, and held office during 1923 and 1924, until the first Monday in January 1925. This second elective term is not involved in this controversy, but it may be said in passing that pursuant to presentation of a claim by plaintiff the then board of county commissioners reimbursed plaintiff for the office rent he had paid during that two-year term, together with telephone rental for the same period. The payment of this claim is admitted, as is also the payment of the claim presented to this board of county commissioners in February, 1921, for fifteen months back pay of $33.33 per month, during the time from September 25, 1919 to the first Monday in January, 1923, during which time plaintiff was holding this office by virtue of appointment. It appears from the record that during this last named period plaintiff had been receiving salary at the rate of $100 per month, as had his predecessor, George P. Wolcott, and that the salary provided by statute in counties of the class of Johnson County was $133.33 per month. It is also admitted that neither of these claims covered the amount now sued for, and that the amount now sued for was not mentioned or presented as a claim at either of such times, and, in fact, was not claimed or demanded until April 8, 1925, approximately three months after the expiration of plaintiff's last term of office.

The plaintiff bases his right to recover upon Section 1458, Comp. Stat. of Wyoming 1920, which reads:

"The board of county commissioners of their respective counties may furnish at the expense of the county, suitable office rooms located at the county seat of the county, for the use of the county attorney, at an expense not to exceed the sum of $30 monthly. Said office shall be as near as practicable to court house."

and asserts that the words "may furnish" is a mandatory expression and not a permissive one only. With this contention we cannot agree. The section above quoted was originally enacted by the legislature in 1915 in Chapter 141 of the session laws of that year, and was entitled "An Act *authorizing* Board of County Commissioners to furnish office rooms for County Attorney" (italics ours), and while the language of the title cannot overcome the plain intent manifested in the language used in the body of the act, yet where that language is of the same purport as the language used in the body of the act, it is corroborative of the legislative intent—in this instance, the intent to make the authority conferred a permissive one as distiguished from a mandatory one. The language of the title, read in connection with the language of the act, clearly discloses an intent upon the part of the legislature to leave the selection of, as well as the amount to be paid, within the limits of the statute, as rental for office rooms of the county attorney, to the discretion of the county commissioners. The ordinary meaning of the language employed by the legislature must be presumed, unless such presumption would defeat the evident object of the act. Thompson v. Carroll, 22 How. 422; 16 L. Ed. 387; Miner v. Bank, 1 Pet. 46, 7 L. Ed. 47; and other cases cited by counsel for defendant.

In the absence of any statute upon this subject the county commissioners would not be obligated to furnish an office for the county attorney, and conversely, the county attorney would have no right to compel them so to do. As stated in 18 C. J., page 1327, paragraph 62, "A prosecuting attorney is not entitled to reimbursement for

expenses unless the law so provides. Generally, however, provision is made for their allowance, and whether a particular expenditure comes within the meaning of the statute depends upon the proper construction of the language employed.'' Employing the language used by this court in Burnham Hotel v. City of Cheyenne, 30 Wyo. 458, (l. c. 466), 222 Pac. 1, 3; ''that act either had no force at all or it created a new right and authorized the local public bodies to do something which they had no previous legal authority to do.'' Consequently, following the rule given in People ex rel v. Gilroy, 82 Hun. 500, 31 N. Y. S. 776, the claim of appellant is not one de jure but is one only which the board of county commissioners was authorized to create.

Counsel for both plaintiff and defendant have discussed the question as to whether the county attorney is a county officer of the same nature and standing as the county clerk, sheriff, treasurer, etc., or whether he is an officer of the court only. The decision of this question is not decisive of this case, and we need not, and consequently do not, decide it, but it may be observed in passing that the county attorney is not a county officer, at least with respect to quarters, such as the sheriff, county clerk, or county treasurer. In fact, he is not generally, in this state, regarded as a ''full time officer,'' but is expected to have other law practice and to serve other clients not inconsistent with his official duties as prescribed by statute. Indeed, if such were not the case, it would be difficult in most or all counties in this state to get a capable, honest and efficient lawyer to stand for election.

Defendant also contends that the two claims heretofore mentioned as having been presented by plaintiff in February, 1921, and on December 30, 1924 respectively, and paid by the board of county commissioners, constituted a waiver or relinquishment of any claim he had for reimbursement for which this suit is brought. Should we de-

termine that plaintiff had a right to be reimbursed for the money he expended for office rent, this contention might be urged with effect. But we decline to recognize plaintiff's claim as a right and hence do not pass upon the contention of waiver and relinquishment.

For the reasons above stated, the judgment of the district court is affirmed.

*Affirmed.*

BLUME, Chief Justice, and RINER, District Judge, concur.