THE STATE OF WYOMING, ex rel PAUL KOSAKE-WICH,

*Plaintiff and Appellant,*

vs.

R. D. DAME, R. S. HALLIWELL AND H. H. CORDINER AS THE WYOMING STATE BOARD OF PHARMACY,

*Defendants and Respondents.*

(No. 2569; October 28th, 1952; 249 Pac. (2d) 156)

344

For the plaintiff and appellant the cause was submitted upon the brief and also oral argument of Vincent Mulvaney of Cheyenne, Wyoming.

For the defendants and respondents the cause was submitted upon the brief and also oral argument of Honorable Harry S. Harnsberger, Attorney General of Cheyenne, Wyoming.

## OPINION

ILSLEY, Justice.

The appellant instituted a suit in July, 1952 by a petition for a Writ of Mandamus in the District Court

for Natrona County to require the respondents, The Wyoming State Board of Pharmacy, to issue a pharmacy license to the appellant under the reciprocity provisions of Section 4 Chapter 100 of the Session Laws of Wyoming, 1949. The trial court denied the Writ and the case is here on an appeal.

The allegations of the appellant's petition and the admissions thereof by the respondents, together with the stipulation herein referred to, will give us an understanding of the question presented.

The Attorney General for Wyoming appeared for the respondents and, in lieu of filing an answer, entered into a stipulation with counsel for appellant wherein it was agreed: That appellant is not a citizen of the United States but is a citizen of the Dominion of Canada; that since June, 1951, his application for citizenship in the United States has been pending; that upon examination he was licensed to practice in the State of New Mexico and now continues to be so licensed in New Mexico; that appellant is a graduate of the University of Nebraska, College of Pharmacy, and is of good character and morals; that appellant was granted a temporary permit to practice pharmacy in Wyoming which expired May 7, 1952, and that such permit has not been renewed or extended and respondents have refused to renew or to issue to him a license to practice pharmacy in Wyoming; that at the time appellant was issued a license to practice pharmacy in the State of New Mexico the laws of that state did not require its licensees to be citizens of the United States; that reciprocity is extended between the states of New Mexico and Wyoming without examination in conformity with paragraph 3 of Section 4, Chapter 100 Session Laws of Wyoming, 1949.

While there are two specifications of error set forth by the appellant, it is agreed that the only question

presented is as follows: Is an applicant for a license to practice pharmacy under the reciprocal provisions of the Wyoming State Pharmacy Act required to be a citizen of the United States?

Able counsel for appellant earnestly asserts that with respect to Chapter 100 of the Session Laws of Wyoming 1949, which is known as the Wyoming Uniform State Pharmacy Act, the third paragraph of Section 4 thereof contains no requirement for United States citizenship. That this provision in the law occurs after a general statement in paragraph one, having reference to applicants for examination and registration. Counsel also states that the specific provision having relation to registration by examination in some other state is an exception to the general provision in the same statute and according to the rules of statutory construction, this particular provision must control. Cited in support thereof is 50 Am. Jur. 371-372 §§ 366-367, and Sutherland on Statutory Construction (3rd Ed.) Vol. 2, p. 474 § 4936. There are many rules for statutory construction and in a proper case the above statement and the authorities cited to support it would no doubt be in point. However, if the language employed in a statute is plain and unambiguous there is no room for construction. In such a case it is unnecessary to resort to the rules of construction. The rule is well stated in 50 Am. Jur. 204 § 225.

"A statute is not open to construction as a matter of course. It is open to construction only where the language used in the statute requires interpretation, that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning, that reasonable minds might be uncertain or disagree as to its meaning. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation, and the court has no right to look for or impose another meaning. In

the case of such unambiguity, it is the established policy of the courts to regard the statute as meaning what it says, and to avoid giving it any other construction than that which its words demand. The plain and obvious meaning of the language used is not only the safest guide to follow in construing it, but it has been presumed conclusively that the clear and explicit terms of a statute expresses the legislative intention, so that such plain and obvious provisions must control. * * *" See also, Rasmussen v. Baker 7 Wyo. 117, 50 P. 819, 821; Commissioners v. Blakely 20 Wyo. 259, 123 P. 72; Burnham Hotel v. Cheyenne 30 Wyo. 458, 222 P. 1; Ward v. Board Com'rs. 36 Wyo. 460, 256 P. 1039; Gale v. School Dist. 4 9Wyo. 384, 54 P. (2d) 811; State ex rel Murane v. Jack 52 Wyo. 173, 70 P. (2d) 888; Lambert v. Place 53 Wyo. 241, 80 P. (2d) 425, § 16-402 W.C.S. 1945 Rule of Construction of Statutes; Morrison-Knudson Co. v. State Board Equalization 58 Wyo. 500, 135 P. (2d) 927; The Texas Co. v. Siefried 60 Wyo. 142, 147 P. (2d) 837.

It is evident that when the Thirtieth Wyoming State Legislature passed the Wyoming Uniform State Pharmacy Act—Chapter 100 Session Laws of Wyoming 1949—it fully intended that any applicant who desired to become a registered pharmacist should be a citizen of the United States. Prior to the passage of this Act it was not a requirement of the Wyoming law that such applicant be a citizen of the United States. Sec. 37-1904 W.C.S. 1945.

We think that the Chapter 100, supra, should be construed by giving to the words or phrases therein contained their natural, ordinary and customary meaning. When this is done, we fail to see that the statute referred to is in any wise ambiguous. It should be construed by giving effect to each and all of its component parts. We find expressed in its title, among other things, the following: "* * *; providing for the registration of pharmacists, fixing the qualifications of applicants for registration, * * *; providing for the examination of applicants for licenses for reciprocal

registration, the renewal of licenses and certificates, the issuance, renewal and revocation of license, certificates and certificates of registration, * * *; empowering the Board to adopt, enforce and promulgate rules, regulations and orders to carry out the purposes and intent of this Act;" See Title to Chapter 100, supra. In Section 3 of the Act, at pages 167 and 168 Session Laws of Wyoming 1949—the law provides that the Board of Pharmacy, "shall have the power, and it shall be its duty:

"(1) To regulate the practice of pharmacy.

* * *

"(5) To examine and register as pharmacists, all applicants whom it shall deem qualified to be such and to issue licenses or certificates of registration as hereinafter provided.

"(6) To suspend or revoke pharmacists' licenses issued by it as hereinafter provided.

* * *

"(9) For the purposes aforesaid, it shall also be the duty of the Board of Pharmacy to make and publish rules and regulations not inconsistent herewith for carrying out the provisions of this Act."

As authorized by the foregoing provisions of law the Wyoming State Board of Pharmacy in September, 1949, adopted rules and regulations governing Reciprocal Registration. Among such rules and regulations we find this significant statement: "The Wyoming Board *reserves the right* to *reject any application,* and in the event of so doing, the fee paid to it will be refunded." Exhibit 1 Record page 16.

The very first statement in the opening paragraph of Section 4, Chapter 100 Session Laws of Wyoming 1949 states, "every applicant for examination and registration as a pharmacist, shall be a citizen of the

United States * * *." This is a plain, simple statement and we think it means exactly what it says. To argue against it serves only to raise doubt and uncertainty where none exist. To us it appears to be a self-evident truth which needs no argument for its support.

The third paragraph of Section four, Chapter 100, supra, states: "The Board of Pharmacy may in its discretion register as a pharmacist, without examination, any person who is duly registered by examination in some other state, etc. * * *" In giving effect to this law we think it necessary to read and construe all of Chapter 100, Session Laws of 1949 and not read and construe Section 4 of Chapter 100 by itself. When this is done, we think that the requirement of United States citizenship of all pharmacists is necessary. The Wyoming legislature put this requirement into the law in 1949 for the first time, although the first law on the subject of pharmacists was enacted in 1888. It evidently appeared to the legislature to be a wise, sensible and reasonable requirement.

When the legislature said, "every applicant for examination and registration as a pharmacist shall be a citizen of the United States * * *" we are of the opinion that all pharmacists shall be citizens of the United States whether seeking a license under the reciprocal provisions of the Act or otherwise. Finding no error in denying the petition for a Writ of Mandamus, the action of the trial court is affirmed.

*Affirmed.*

BLUME, C. J. and RINER, J. concur.