**John Thomas SYKES, a minor; John E. Sykes and Vivian Sykes, individually and as next friends and guardians of John Thomas Sykes, Appellants (Plaintiffs),**

v.

**LINCOLN COUNTY SCHOOL DISTRICT NO. 1 & 2; Teton School District No. 1; Sublette County School District No. 1; Sweetwater County School District No. 1 & 2; Uinta County School District No. 1; Uinta County School District No. 4; Uinta County School District No. 6, Appellees (Defendants).**

No. 88–78.

Supreme Court of Wyoming.

Nov. 7, 1988.

---

Roy A. Jacobson, Jr. and Sharon M. Rose of Vehar, Beppler, Jacobson, Lavery & Rose, P.C., Kemmerer, for appellants.

Kathryn A. Jenkins of Kline, Buck & Asay, Cheyenne, for appellee Lincoln County School Dist. No. 1.

William H. Twichell of Mason, Twichell & Graham, P.C., Pinedale, for appellee Sublette County School Dist. No. 1.

Paul B. Godfrey and Raymond W. Martin of Godfrey, Sundahl & Jorgenson, Cheyenne, for appellees Lincoln County School Dist. No. 2, Teton School Dist. No. 1, Sweetwater County School Dist. Nos. 1 & 2, Uinta County School Dist. Nos. 1, 4 and 6.

Carol Gonnella, Jackson, for amicus curiae, Region V Bd. of Co-op. Educational Services.

Nelson L. Hayes and Michael P. Zaccheo of Richards, Brandt, Miller & Nelson, Salt Lake City, Utah, for amicus curiae, Boces.

Before CARDINE, C.J., THOMAS and MACY, JJ., ROONEY, Ret. J., and LEHMAN, District Judge.

ROONEY, Retired Justice.

Appellants appeal from the denial of their motion for a partial summary judgment against appellees School Districts on the issue of the existence of vicarious liability on the part of such appellees, and from the grant of such appellees' motion for summary judgment on the same issue.[1] The motions acknowledged the non-existence of a genuine issue of material fact relative to such issue.

We affirm.

---

1. The action was brought against Region V Board of Cooperative Educational Services and several other parties in addition to appellees, and the district court found that there was no just cause for delay on this appeal and that an immediate appeal could be taken by appellants "under Rule 54(b)."

Appellant John Thomas Sykes is a minor child who suffers from physical and mental handicaps. He and his family reside within the boundaries of appellee Uinta County School District No. 4. Such School District entered into a special education residential services agreement with Region V Board of Cooperative Educational Services (hereinafter referred to as "BOCES"), wherein BOCES agreed to provide for the education of appellant John Thomas Sykes and to render related services, including room and board.[2] Pursuant to such agreement, he was placed at the C Bar V Ranch facility owned and operated by BOCES. On November 2, 1985, a staff member of BOCES was bathing appellant John Thomas Sykes when the staff member was called to the telephone. Either appellant John Thomas Sykes or another student turned on the hot water in the bathtub, and appellant John Thomas Sykes was severely burned.

BOCES was established by appellees School Districts pursuant to the Board of Cooperative Educational Services Act, W.S. 21-20-101, et seq. W.S. 21-20-102 states the purpose of the act is

> "to provide a method whereby school districts and community college districts or any combination may work together and cooperate to provide educational services, including but not limited to vocational-technical education, adult education and services for exceptional children, when the services can be more effectively provided through a cooperative effort."

The act authorizes the establishment of a board of cooperative services by an agreement between the boards of trustees of two or more school districts. The members of the boards of trustees of the participating school districts elect, from among their members, the members of the board of cooperative educational services, with each board of trustees being entitled to at least one member on the board of cooperative educational services.

In its orders denying appellants' motion for partial summary judgment and granting appellees' motions for summary judgment, the district court recited in part:

"The Court examined the file, the pleadings, reviewed the briefs, heard oral argument, and finds as follows:

"1. The plaintiffs' Motion for Partial Summary Judgment is based, in general, on the contention that the defendant Boces is a cooperative organization, statutorily authorized, in which all member school districts are jointly and severally liable, and each member school district is jointly and severally liable for any actionable tort liability up to the limits authorized by the Wyoming Governmental Claims Act.

"2. The Motion of Defendant School Districts for Summary Judgment is based on the contention that the School Districts have no separate and independent liability under the Wyoming Governmental Claims Act for the action of Boces and/or its employees; that any alleged negligence of Boces cannot be vicariously imputed to the Defendant School Districts under the Wyoming Governmental Claims Act; and that Boces is an independent governmental entity from the standpoint of liability under the Governmental Claims Act.

" * * * * * *

"The Court determined:

"1. That the Plaintiffs' Motion for Partial Summary Judgment should be denied;

"2. That Boces is an independent and separate governmental entity; that the employees of Boces are not employees of the Defendant School Districts; that vicarious liability of Boces employees and/or of Boces can not be imputed to the Defendant School Districts; that plaintiffs allege no act or omission of the Defendant School Districts which are set forth as exceptions in the Wyoming Governmental Claims Act; and the Defend-

2. W.S. 21-14-101 provides:
 "Each and every child of school age in the state of Wyoming having a mental, physical or psychological handicap or social maladjust-

ment which impairs learning, shall be entitled to and shall receive a free and appropriate education in accordance with his capabilities."

ant School Districts' Motions for Summary Judgment should be granted * * *."

 For the purposes of this appeal, it is immaterial whether or not BOCES is a partnership, a joint venture or a cooperative association of school districts as argued by appellants. The important determination is whether or not BOCES is a "governmental entity," as found by the district court. This, because the waiver of immunity for torts contained in the Wyoming Governmental Claims Act, W.S. 1–39–101, et seq., applies to *"[a] governmental entity* and *its* public employees while acting within the scope of duties * * *." W.S. 1–39–104 (emphasis added). The term is defined in W.S. 1–39–103:

"(a) As used in this act:

"(i) 'Governmental entity' means the state, University of Wyoming or any local government;

"(ii) 'Local government' means cities and towns, counties, school districts, joint powers boards, airport boards, public corporations, community college districts, special districts and their governing bodies, all political subdivisions of the state, and their agencies, instrumentalities and institutions; * * *."

School districts are there specifically designated. The "agencies, instrumentalities and institutions" of school districts are stated to be "governmental entities" for the purpose of the act. BOCES is both an agency of appellees School Districts and an instrumentality of them. Therefore, BOCES is a "governmental entity" for the purposes of the act.

BOCES acts, and agrees to act, on behalf of the appellees School Districts in furnishing educational services to handicapped children of the districts. BOCES is subject to ultimate control of appellees School Districts inasmuch as the membership of its board of cooperative services consists of school board members from appellees School Districts.

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."

Restatement of Agency 2d, § 1(1) at 7 (1958). Accordingly, BOCES is an agency of appellees School Districts.

BOCES serves the appellees School Districts as a means to an end, i.e., to provide education to handicapped students of such school districts. It is an instrument by which that legally mandated function of appellees School Districts is achieved. It is an auxiliary agency of appellees for that purpose.

Instrumentality is defined as:

"something by which an end is achieved * * * something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out * * *."

Webster's Third New International Dictionary, p. 1172 (1971). It is also defined as:

"A condition of being an instrument; a subordinate or auxiliary agency; agency of anything as a means to an end; anything used as a means or agency; that which is instrumental; the quality or condition of being instrumental."

44 C.J.S. Instrumentality, p. 422 (1945) (footnotes omitted). Accordingly, BOCES is an instrumentality of appellees School Districts.

The determination that BOCES is an agency and instrumentality of appellees School Districts is no more than that of the often-quoted rule which states that words of a statute are to be given their plain and ordinary meaning. E.g. *McArtor v. State*, 699 P.2d 288 (Wyo.1985); *Hurst v. State*, 698 P.2d 1130 (Wyo.1985); *Ward v. Board of Commissioners of Johnson County*, 36 Wyo. 460, 256 P. 1039 (1927).

Appellants' argument is generally in accord with the conclusion that BOCES is an agent and instrumentality of appellees School Districts, but it does not recognize that the statutory definition of this relationship makes BOCES a "governmental entity." [3]

**3.** Appellants desire to establish BOCES as a "co-operative organization, joint venture and/or

Since the waiver of immunity in the Wyoming Governmental Claims Act is for torts by *public employees of the governmental entity* (W.S. 1–39–104), appellees School Districts are properly vicariously subject to this action only if the alleged tort (negligence) was that of one or more of *their* employees. There is no contention in the record that appellees School Districts are vicariously liable on that basis.

In the First Claim for Relief of appellants' Second Amended Complaint (designated Count I), captioned "Negligence of Defendant BOCES; C Bar V Ranches, Inc.; Chris Christiansen; Liability of Defendant Member Districts"; appellants allege various acts of negligence on the part of the first three defendants listed in such caption. They then allege in paragraph 35:

"Defendant Member Districts are each liable for the tort liability of Defendant BOCES herein, on the basis of partnership law as BOCES was, at all times material herein, a joint venture composed of member school districts."

In such complaint, C Bar V Ranches, Inc. is alleged *to be a Wyoming non-profit corporation.* Chris Christiansen is alleged to have been the administrator and/or executive director *of C Bar V Ranches, Inc.*

None of the other defendants, subject to other claims for relief, are alleged to be employees of appellees School Districts. To the contrary, their employment is alleged to be otherwise, e.g., three individual defendants, one of whom was called to the telephone while bathing appellant, John Thomas Sykes, are alleged to have been "acting within the scope of their *employment with Region V BOCES* as 'Cottage Parents' "; one defendant is alleged to have been "maintenance supervisor *of C Bar V Ranches*"; and one defendant is alleged to have been "*employed by the*

partnership by and between the above-referenced school districts and is an extension of each such individual school district" (allegation ¶ 4, Second Amended Complaint), and "not a separate legal entity whose interests are separate and distinct from the individual school districts that comprise the organization and, therefore, each district is an indispensable part and is jointly liable for the torts of Region V.

*State of Wyoming Department of Health and Social Services.*" (Emphasis added.)

The record is void of any contention that a tort was committed against appellants by any employee of appellees School Districts except the contention that such could result from a relationship between the School Districts and BOCES, assuming BOCES to be a non-governmental entity.

Since BOCES was, and is, a "governmental entity" for the purposes of the Wyoming Governmental Claims Act, the district court properly found:

"that the employees of Boces are not employees of the Defendant School Districts; that vicarious liability of Boces employees and/or of Boces can not be imputed to the Defendant School Districts; * * *."

AFFIRMED.

BOCES." (Argument at p. 20 of appellants' brief.) This desire is premised on the recognition that the Wyoming Governmental Claims Act places a monetary limit on damages resulting from the waiver of immunity. W.S. 1–39–118. Appellants desire the limit to apply separately to BOCES and each appellee school district.